38932.  FOSTER v. SILVEY.

DECIDED JULY 14, 1961.

*Robert Carpenter, A. Tate Conyers, Don H. Sidener*, for plaintiff in error.

*Dudley Cook*, contra.

BELL, Judge. ■ The first ground of the amended motion for new trial relates to the refusal of the trial court to allow answers to questions propounded to a witness for the movant. These disapproved questions related to payments received by the witness from the defendant allegedly paid under the contract under which the plaintiff was seeking to recover. The plaintiff claimed that he and the witness were partners with the defendant and hence had identical rights against him. For this rea-

son, it is urged, the censured questions were pertinent to the cause and should have been admitted in evidence.

The plaintiff, in portions of his testimony, contended he was a partner, "I honestly felt we were operating as equal partners," but elsewhere identified himself as an employee. "We were operating under this contract which I honestly think makes us an employee." The plaintiff's testimony was that he was entitled to a 30 percent share in the net profits in addition to $100 weekly payments and an expense allowance.

On cross-examination, the following questions had been asked of the plaintiff's witness just prior to the question the refusal of which led to this assignment of error: "Q. You had been paid off, hadn't you; been getting a hundred dollars each week? A. I've been paid off, yes, sir. Q. You have been paid off a hundred dollars each week? A. Yes, sir, that was part of it. Q. And you have been paid a bonus? A. That was part of it." Following the above, the plaintiff was not allowed to ask this question of the witness: "I want the amount in there he's been paid. For the record, how much have you been paid; you said the bonus and weekly draw, and the other figure?" The plaintiff averred that if the witness had been permitted to answer the question he would have answered it as follows: "A. I believe that figure to the best of my knowledge is $6,115.24."

The plaintiff's contention is that the refusal to allow the witness to answer the question was prejudicial and harmful to the plaintiff, since the answer would have tended to establish the allegations set forth in paragraph 4 of the petition. This paragraph charged that the agreement between the parties provided for the plaintiff to receive as compensation for his services 30 percent of the net profits of the business after payment of all expenses and overhead, and that until such time as the net profits were determined he was entitled to draw $100 per week as a drawing account, which would be charged to his share of the profits at the time of accounting at the end of the year. It is argued that the questions set forth above propounded by the defendant on cross-examination of the witness for the plaintiff were designed to show and did show the erroneous view that this witness, who was in the same position as the plaintiff with

respect to this contract, did not receive any additional moneys from the defendant as contemplated under the contract. Therefore, it is urged that when the subject of payments to the witness was broached by the defendant, the court should have allowed the plaintiff to examine fully the witness on the subject of payments and the amount thereof.

At the beginning of the trial, outside the presence of the jury, a colloquy took place between the trial judge and counsel for the parties with respect to the admissibility of anticipated testimony by this witness as to an additional sum of money received by him from the defendant under the contract. This additional sum, however, had been paid by the defendant under the compulsion of an appellate court remittitur. The ruling of the trial judge was that the judgment in favor of the witness in the prior action against this defendant on the same contract would be inadmissible in the present action. With this ruling we agree, for it would have been reversible error to have admitted into evidence the fact that the witness in his suit against the same defendant had obtained a judgment in his favor. The answer sought by the excluded question would have tended to show this.

The judgment in favor of the witness in the previous action was not res judicata, for the recovery of his interest by one partner cannot be construed as a prior adjudication of another partner's interest as there is no privity of interest between the alleged partners with respect to the individual interests which each seeks separately to enforce through the courts. Further, the payments having been made under the force of a remittitur, it could not be used to show an admission of liability.

To have allowed the excluded question and its probable answer in the present action would have permitted the plaintiff to confuse the jury, and to have prejudiced them in his behalf by leading them to believe that one party had received unequal treatment at the hands of the defendant. It could not have been explained that the additional sum of money which the witness had received was paid under the remittitur, for this would have constituted reversible error as each case must stand on its own bottom.

The case of *Hodnett v. Hodnett*, 99 Ga. App. 565, 567

(109 SE2d 285) does not compel a different conclusion. The *Hodnett* case dealt with irrelevant matter injected into the case by the plaintiff while here the evidence attempted to be offered was more than merely irrelevant—it would have been grounds for reversal.

Special ground 1 of the motion for new trial has no merit.

■ Ground 3 of the amended motion for new trial assigns error in the trial court's allowing the following evidence to be admitted to the jury over the objection of the movant: "Q. At any time during his employment with the Foster-Silvey Co. was it treated on the books of the corporation, on the books of the company by you in handling the books as anything other than employees— A. As far as my books were concerned, Mr. Foster and Mr. Wynn and I were all on the same basis; we were employees." The plaintiff's contention is that this evidence was objectionable on the basis that the books and records, as the highest and best evidence, were in court and available to show the answer to the question. The oral answer, it is urged, prejudiced the plaintiff as it tended to prove the claimant was a mere employee and not entitled to a partner's share in the profits of the business. Ignoring the question of whether a mere employee is never entitled to share in the profits of the business (and there are numerous examples to the contrary) there was other testimony in the record that the plaintiff was an employee. In addition to the testimony of one other witness to the effect that the plaintiff was an employee, the plaintiff himself testified: "We were operating under this contract which I honestly think makes us an employee."

"Though the admission of certain testimony objected to be erroneous, a reversal will not result where other testimony to the same effect and of like nature was introduced without objection," *Sapp v. Callaway*, 208 Ga. 805 (3) (69 SE2d 374); *Stewart v. Ellis*, 130 Ga. 685 (2) (61 SE 597); *Wages v. Wages*, 202 Ga. 155 (2) (42 SE2d 481).

■ Ground 2 was disapproved, and ground 4 not having been argued in the brief is deemed abandoned. There was no error in overruling the motion for new trial on the general grounds.

*Judgment affirmed. Felton, C. J., and Hall, J., concur.*