## 47764. BATES v. METROPOLITAN TRANSIT SYSTEM, INC.

PANNELL, Judge. This appeal is from an order of the trial court sustaining defendant-appellee's motion for judgment notwithstanding the verdict on the issue of the application of the statute of limitation in a civil tort case arising out of a collision involving a bus and plaintiff-appellant's automobile on November 8, 1956. On September 29, 1958, plaintiff filed suit against Atlanta Transit System, Inc., which entered a general denial on October 11, 1958. That response denied allegations that Atlanta Transit System, Inc., was operating the bus and that the driver was an employee of Atlanta Transit System, Inc. By amendment to its answer on January 6, 1959, Atlanta Transit System, Inc., specifically denied owning or operating the bus involved in the collision. On September 2, 1960, plaintiff filed this action against Metropolitan Transit

System, Inc. Defendant-appellee pleaded the statute of limitation. Plaintiff claimed he was misled by an agent of defendant, that the statute of limitation was tolled by fraud, and defendant is estopped from pleading the statute of limitation. Defendant averred that no fraud was involved, plaintiff had not met the duty of ordinary care, and the statute of limitation barred recovery.

1. Georgia Laws (Code § 3-1004) provides a two-year statute of limitation for causes of action for personal injuries in civil cases; but if the defendant, or those under whom he claims, shall have been guilty of a fraud by which the plaintiff shall have been debarred or deterred from his action, the period of limitation shall run only from the time of the discovery of the fraud. Code § 3-807; *Wood v. Anderson,* 60 Ga. App. 262 (3 SE2d 788); 34 AmJur 187, 323, 332. As an exception to the statute of limitation it should be strictly construed. *Printup v. Alexander & Wright,* 69 Ga. 553; Anderson v. Gailey, 33 F2d 589 (N. D. Ga. 1929). The fraud established to toll the statute of limitation must be of that character which involves moral turpitude, and must have the effect of debarring or deterring the plaintiff from his action. *Anderson v. Foster,* 112 Ga. 270 (37 SE 426); *Ponder v. Barrett,* 46 Ga. App. 757 (169 SE 257). The plaintiff has the burden of establishing fraud involving moral turpitude. *Clinton v. State Farm Mutual Auto. Ins. Co.,* 110 Ga. App. 417 (138 SE2d 687). In the absence of a fiduciary relation, even fraud will not prevent a suit from being barred, where the plaintiff has failed to exercise reasonable diligence to detect such fraud. *Stephens v. Walker,* 193 Ga. 330, 332 (18 SE2d 537); *Brinsfield v. Robbins,* 183 Ga. 258 (188 SE 7).

2. Metropolitan Transit System, Inc., is a corporation owned by Atlanta Transit System, Inc. On the dates pertinent to this case, both corporations shared certain services. Atlanta Transit System, Inc. provided claims

settlement for both corporations for which service Metropolitan Transit System, Inc. reimbursed Atlanta Transit System, Inc. for their portion of the costs.

Accepting the evidence in the light most favorable to the plaintiff the claims adjustor used business cards indicating he was from Atlanta Transit System, Inc., and introduced himself as such, which was true, and told plaintiff if he did not want to accept the offer of settlement he could sue Atlanta Transit System, Inc. No evidence of any deception, collusion, or fraud involving other employees or officers of defendant was presented. Plaintiff had all the facts with reference to the accident in which he was injured within a few weeks after the accident, including the name and address of the driver and was put on notice by Atlanta Transit System's general denial on October 11, 1958, and the specific denials of January 6, 1959. He did nothing to verify or determine the identity of the transit company which was operating the bus.

Not only has plaintiff failed to show any fraud on the part of the defendant amounting to moral turpitude; if he was misled by the adjustor, he has not illustrated reasonable diligence to detect such deception. The trial court did not err in sustaining defendant-appellee's motion for judgment notwithstanding the verdict.

*Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*

SUBMITTED JANUARY 11, 1973 — DECIDED APRIL 4, 1973.

*William F. Woods,* for appellant.

*Hansell, Post, Brandon & Dorsey, Hugh M. Dorsey, Jr.,* for appellee.