### 49738. JACKSON v. CITIZENS TRUST BANK.

MARSHALL, Judge.

This is an appeal from summary judgment obtained in the trial court by the appellee on an action brought by appellant to recover funds from appellee bank which remained in an escrow account after repayment of a real estate loan. Jackson borrowed money from the defendant bank to purchase property which was security for the loan. Beginning in 1952, he made periodic payments toward retirement of the loan and made the final payment in 1959. Coincidentally with those payments Jackson also made "advance payments, taxes and insurance" into an escrow account maintained by defendant bank for the purposes of paying the taxes and insurance on the property. In his complaint, Jackson alleged that the money ($1,734.91) had accumulated in the account, that defendant appropriated this money to

its own use by failing to disburse it during the period 1952-1959, and that at the end of this period defendant failed to pay it to plaintiff or otherwise properly disburse it. The complaint also asserts that plaintiff did not demand an accounting of this fund from the bank until May, 1973.

Jackson brought this action in November, 1973, explaining in his deposition that "he didn't find out about it until I was looking through some of my papers in May of 1973 . . . I had knowledge of my account was paid up, and that was about the only thing I was thinking about." He also claimed that during the time he made these payments into escrow, "I was paying my own taxes and insurance" and "whenever I go in to pay the taxes they wouldn't be paid . . ." The bank defended on the ground that the action was barred by any applicable statute of limitation and was granted summary judgment for that reason.

Jackson asserts two theories to circumvent the statute of limitation: (1) that the statute of limitation did not begin to run until demand for the fund was made in May of 1973, and (2) that the bank was a trustee of an implied trust after 1959 and the statute of limitation does not run against the failure to perform a fiduciary duty while the trust is in existence. *Held:*

1. There is no statutory period long enough to allow the bringing of this action thirteen years after the accrual, on April 21, 1959, as contended by appellee, whether the action is on a written contract (six years, Code § 3-705) or implied contract (four years, Code § 3-711) or open account (four years, Code § 3-706) or conversion of personalty (four years, Code § 3-1003) or an express trust (ten years, Code § 3-709) or an implied trust (seven years or ten years, *Denson v. Denson,* 214 Ga. 8 (102 SE2d 605)). However, the controlling question is when did Jackson's right of action accrue.

2. According to the record, Citizens Trust issued Jackson a pass book which shows a loan account between the parties on which Jackson paid $131.48 per month, credit to principal and interest, and paid in full on April 21, 1959. It also shows another account headed "Advance payments, taxes and insurance" and that Jackson paid $19.95 into this account each month, and that the bank

failed to disburse it either to the depositor or in any other way. The bank might have protected its own interest in the property held by it as collateral by using this account for delinquent payments, delinquent taxes, or unpaid insurance had it seen fit, but it did not do so. Title to *this* fund, therefore, at the close of the transaction, remained in the depositor. Since the bank used it for no special purpose (which it would have been entitled to do had it wished) the fund should be considered as a general deposit of the depositor. As to such a deposit, the rule is "that unless by some act on the part of the bank the necessity of demand has been dispensed with, the statute of limitations does not begin to run against the right of a depositor in a bank to maintain an action against the bank to recover a *general deposit* until there has been a demand for payment, by check or otherwise, and a refusal to pay. Conversely, after a demand for payment, the statute of limitations begins to run." 10 AmJur2d 424, Banks, § 453. Accord, *Munnerlyn v. Augusta Bank,* 88 Ga. 333 (14 SE 554).

The crucial point is that the statute of limitation began to run after *demand* and not after the first date on which the depositor *might* have made the demand if he had in fact understood the true facts of the case, which would have been on the last loan instalment payment, or even some other time if one had been set in the contract between the parties. This does not appear. Neither does it appear that the bank paid out the money for any authorized purpose, which would also constitute a defense. Until demand, however, or until the accruing of some set of facts stipulated in the contract, the bank's holding of the deposit was not adverse to the depositor, since it was by the permission of the latter.

See also *Columbus Bank &c. Co. v. Dempsey,* 120 Ga. App. 5, 7 (169 SE2d 349) where it was held that a general deposit payable on demand was recoverable after a period of more than 21 years. I see no reason why a special deposit for the benefit of the bank, when not so used by the bank, should not be treated in the same manner. The holder can have no title to an escrow account except by adverse possession, and it requires demand to establish the possession as adverse.

3. Further, the courts cannot say as a matter of law when the plaintiff "should have known" that the bank was not properly applying the funds. This is a question for the jury, under all the attendant circumstances of the case, and cannot be decided on summary judgment. To say that one "knew or ought to have known" of certain facts does not charge actual notice. *Babcock Bros. Lumber Co. v. Johnson*, 120 Ga. 1030 (6) (48 SE 438). The plaintiff made no demand for the funds. The bank made no claim on them. The pass book showed them as belonging to the plaintiff until and unless used by the bank for a proper purpose. Under such circumstances the court cannot flatly say, without a trial of the issues, that the bank's possession of the fund was adverse and this fact was known to the plaintiff so as to commence the running of the statute of limitation.

4. Since the ruling of the trial court is reversed for reasons stated in Divisions 2 and 3, supra, it is not necessary to pass on appellant's contention based on the implied trust theory.

*Judgment reversed. Deen, P. J., and Stolz, J., concur.*

ARGUED SEPTEMBER 30, 1974 — DECIDED NOVEMBER 21, 1974.

*W. M. Mathews, Jr.,* for appellant.
*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Thomas C. Harney,* for appellee.