## 30426. RIDLEY v. THE STATE.

HILL, Justice.

Defendant appeals from jury verdicts of guilty of two counts of armed robbery, and two eight-year concurrent sentences imposed by the court.

On February 14, 1975, Ms. Dille was working in a booth at an Apcoa parking lot when she was approached at 12:15 p.m. by a man wearing a flowered shirt who asked for a coathanger (for use by customers who lock their keys in their cars). When she turned to look for one, the man

pulled a pistol and held it to her side. He took $25 and left. She reported the robbery by calling the Apcoa office.

At 3:45 p.m. that afternoon Ms. Derricho, an employee of another Apcoa parking lot, was approached by a man wearing a flowered shirt who asked for a coathanger. When she told him she did not have one, he went to a nearby laundry. He returned in a few minutes to ask if she had a phone to call a locksmith. When she said her phone only called her office, he pulled a pistol and pointed it at her side. While the defendant was standing near Ms. Derricho's booth, Mr. Burgess, an employee at a four story parking garage next to the lot, became suspicious. Mr. Burgess took a pistol, went to the top of the garage, observed that the defendant had a gun on Ms. Derricho and was scooping up money with the other hand. Mr. Burgess told the robber to drop his pistol and lay down. The robber was held there until the police arrived.

A detective who answered the call identified the defendant as the man who was arrested at the scene. Ms. Dille identified the defendant from photos, in a lineup, and in court as the man who had robbed her earlier that day. Ms. Derricho and Mr. Burgess also made in-court identifications of the defendant as the robber.

The defendant's defense as to the first robbery was alibi. His mother testified that he was at home (located about four or five blocks away from the robberies) when she arrived home at 1 p.m. and that he stayed there until 2:30 p.m. Two persons testified as to the defendant's good reputation in the community.

The defendant testified that he was at home at the time of the first robbery. Regarding the second robbery, he testified that he carried a box of candles for a woman whose car was parked at the lot. He said that he was leaving to catch his bus when someone ordered him to lie down on the ground. According to the defendant's testimony, the pistol belonged to the woman employee at the parking lot and he never had a gun.

1. The defendant enumerates error in the denial of his motion for new trial on the grounds that the verdict is (a) contrary to the evidence and without evidence to support it, (b) decidedly and strongly against the weight of the evidence, and (c) contrary to the law and principles of

justice and equity. These are known as the "general grounds" of a motion for a new trial.

Because of the large number of cases reaching this court in which it is urged and strenuously argued that "the verdict is decidedly and strongly against the weight of the evidence" (ground b above), we feel compelled to reiterate that this ground of the general grounds is addressed to the trial court alone, not an appellate court. If the trial judge overrules the general grounds, appellate courts consider only the sufficiency of the evidence (grounds a and c), not the weight of the evidence. The weight of the evidence was considered by the jury at the trial and by the trial judge in ruling upon the general grounds. *Strong v. State,* 232 Ga. 294, 298 (206 SE2d 461) (1974); *Ingram v. State,* 204 Ga. 164, 184 (48 SE2d 891) (1948); *Seaboard A. L. R. Co. v. Benton,* 43 Ga. App. 495, 505 (159 SE 717) (1931).

Even where an appellant proceeds directly by notice of appeal rather than by motion for new trial, the appellate courts undertake only to determine the sufficiency of the evidence, not to weigh it.

On appeals from findings of guilt, the presumption of innocence no longer prevails, the fact finders have determined the credibility of witnesses, the fact finders have been convinced beyond a reasonable doubt, and the appellate courts review the evidence only to determine if there is any evidence sufficient to authorize the fact finder to return the verdict of guilty. *Clenney v. State,* 229 Ga. 561 (2) (192 SE2d 907) (1972); *Geter v. State,* 219 Ga. 125, 133 (132 SE2d 30) (1963); *Hogan v. State,* 221 Ga. 9, 12 (142 SE2d 778) (1965).

In considering the two general grounds on appeal, the defendant's testimony and that of his witnesses can be disregarded by the appellate court if the fact finders' verdict shows that such testimony was not believed. See *Geter v. State,* supra.

There was evidence in this case to authorize the jury to find the defendant guilty of both armed robberies. Therefore, the evidence supports both verdicts of guilty in this case. The trial court did not err in overruling the general grounds.

2. The defendant contends that the trial court erred

in charging the jury on admissions or incriminatory statements in that there was no evidence to justify such charge. A detective called in rebuttal testified that the defendant first said that a stranger on the street handed him the pistol and that later the defendant said that he had picked the pistol up from the top of the cash register. Thus, the officer testified that the defendant had admitted possession of the pistol; i.e., had admitted being armed. The trial court's charge on admissions was a correct statement of the law and was authorized by the evidence. *Johnson v. State,* 133 Ga. App. 394 (3) (211 SE2d 20) (1974).

3. The defendant enumerates other errors in the trial court's charge. We have examined these assertions and the charge given and find these enumerations of error to be without merit.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 15, 1975 — DECIDED FEBRUARY 2, 1976.

*Robert M. Coker,* for appellant.

*Arthur K. Bolton, Attorney General, Harrison Kohler, Lewis R. Slaton, District Attorney, Charles C. Smith, Jr., Assistant District Attorney,* for appellee.

