## 31957. STEPHENS v. STEPHENS et al.

HALL, Justice.

This is an appeal from the dismissal of an equity action by the Superior Court of Hall County.

Appellant filed this action against his mother, his sister and his brother-in-law in May 1976, alleging that he had been fraudulently induced to execute a warranty deed to his mother on March 24, 1962, conveying to her all of his remainder interest in a 35-acre tract of land in Dawson County. Appellant's mother and deceased father had life estate interests in the same property. Appellant contends that he is mentally deficient, cannot read or write, and did not understand that he had conveyed away all of his rights in the property in 1962. He argues that he did not understand the ramifications of what he had done until sometime in 1973 when his mother sold approximately 32 acres and reconveyed to him a 3-4 acre portion of the original 35-acre tract.

Appellees filed a motion to dismiss this action in the trial court on the ground that the relevant statute of limitation had run. After a hearing, the appellees' motion was granted. The trial court found that while the appellant perhaps did not understand that he was signing away his rights to the property in 1962, he and his wife both admitted by their own testimony that they understood the effect of the alleged fraud some time between 1964 and 1966. While the appellant cannot read and write, the court found no indication that appellant was mentally deficient (he admitted that he had completed the seventh grade; he and his wife testified that he can understand writings which are explained to him in ordinary language; he votes with the help of his wife; he has been employed for many years as a driver of tractors, school buses, etc.), nor did the court find any indication that the appellees had deterred or prevented appellant from filing suit anytime since 1962. The court concluded that since the appellant understood that he had signed away his rights to the property some time between 1964 and 1966, the filing of this action 10-12 years later is barred by the statute of limitation.

We have reviewed the record and the transcript of

this case and agree with the lower court's findings. *Jones v. Johnson,* 203 Ga. 282, 283 (46 SE2d 484) (1948), which held that "the period of limitation applicable to an action for fraud in procuring the title to land is the same as that which would apply to an action for the land, to wit, seven years from the discovery of the fraud," controls this case and was properly relied on by the lower court. See also Code Ann. § 3-807.

*Judgment affirmed. Nichols, C. J., Undercofler, P. J., Jordan, Ingram and Hill, JJ., concur.*

SUBMITTED FEBRUARY 16, 1977 — DECIDED APRIL 6, 1977 — REHEARING DENIED APRIL 21, 1977.

*Margaret Hopkins, James R. Venable,* for appellant.
*Telford, Stewart & Stephens, J. Douglas Stewart,* for appellees.