## 55104. DAVISON v. STRICKLAND.
## 55105. PAYNE v. STRICKLAND.

SHULMAN, Judge.

This case concerns itself with treasure trove and the writer will resist the urge to wax rhetorical and confine himself to the legal principles involved.

Plaintiff-administratrix, as representative of the true owner, brought a trover action for 111 gold coins allegedly possessed by defendants. Plaintiff alleged that a jar containing coins was found buried under or hidden in a chimney hearth, that the chimney was located in a house formerly owned by plaintiff's intestate, and that the chimney was built by the true owner and members of the true owner's family at a time when plaintiff's intestate owned, controlled and lived in the house. See *Groover v. Tippins,* 51 Ga. App. 47 (179 SE 634) (possessory right to treasure trove is in the finder as against all the world except the true owner). See generally 36A CJS 416,

Finding Lost Goods. Co-defendants Payne and Davison denied both the existence of the coins and plaintiff's possessory right, and further asserted that their own statements about the coins were a part of a hoax designed to enhance Payne's popularity with females.

This appeal is from a judgment entered on a jury verdict in favor of plaintiff-appellee and against the defendant-appellants jointly.

1. Appellants argue that there is no probative evidence regarding value to support the verdict. We disagree.

At the trial, two experienced coin dealers testified as to the value of the gold coins, assuming such coins in fact existed. The testimony was based on descriptions of the coins contained in appellants' admissions as related in witnesses' testimony and properly established that the absolute minimum value of 111 gold coins, sight unseen, was $30,000 to $40,000. See, e.g., *Gibbs v. Clay,* 137 Ga. App. 381 (1) (224 SE2d 46) (testimony of market value admissible, even if based on hearsay, provided witness had opportunity of forming a correct opinion). Compare with *Stephens v. Southern Discount Co.,* 105 Ga. App. 667 (2) (125 SE2d 235).

The verdict is not subject to challenge as being conjecture or speculative because the alleged 111 coins were not produced at the trial or examined.

If, as the jury found, the coins existed and defendants were wrongfully withholding the coins, then the defendants, having made it impracticable to give an opinion as to the value of the 111 coins, may not assert that value was not properly proven and thereby profit from their wrongdoing. See generally *Equitable Credit &c. Co. v. Murray,* 79 Ga. App. 795, 802 (54 SE2d 650). Accordingly, this enumeration must fail.

2. Appellants argue that appellee failed to establish certain elements of a prima facie case and that the trial court erred in denying their motions for directed verdict.

There was sufficient evidence to support a verdict in favor of plaintiff-administratrix. The evidence showed that suit was brought by the administratrix as representative of the alleged true owner. See, e.g., Code Ann. § 113-901; *Smith v. Turner,* 112 Ga. 533 (37 SE 705).

The evidence also shows that various demands had been made but that the co-defendants refused those demands by denying the existence of the coins and denied plaintiff's right of possession. Under these circumstances, that the plaintiff made demands in a personal capacity and did not make a formal demand in her capacity as administratrix does not require reversal. See e.g., *Kirkland v. Chrysler Credit Corp.,* 119 Ga. App. 759 (1) (168 SE2d 650) (no demand necessary when demand would be useless).

The evidence was sufficient to establish ownership in plaintiff as administratrix. See, e.g., Neale v. Kirkland, 486 SW2d 165 (Tex. Civ. App. 1972). Admissions relating to the discovery of the coins and describing their characteristics, even though the truth of the admissions was later denied by appellants, were sufficient to present a question for the jury. See e.g., *Haas & Howell Co. v. Godby,* 33 Ga. App. 218 (1) (125 SE 897).

It was also a jury question as to whether certain coins shown to various witnesses were part of the alleged gold coin cache (as co-defendants at one time claimed) or whether those coins were previously possessed and were represented as part of the cache to enhance the credibility of the alleged hoax. *Haas & Howell Co.,* supra.

3. At trial, appellee-administratrix was permitted, over objection, to testify as to the content of telephone conversations with the wife of appellant Davison. There was testimony that Mrs. Davison told appellee that a lot of coins were found by Mr. Davison and another (later identified as co-defendant Payne) while tearing down the "Old Adams Homeplace" and that the coins belonged to the Davisons as the current owners of that property. There was also testimony that appellee heard Mr. Davison say in the background, "Tell her what we found." Mrs. Davison was not a party to the litigation and did not testify at trial. It is urged by both appellants that the conversation constituted inadmissible hearsay.

As to co-defendant Davison, who was present and overheard the conversation, the testimony was not inadmissible hearsay. *Sisk v. Carney,* 121 Ga. App. 560 (2) (174 SE2d 456).

As to both defendants, the admission of this testimony could not have been harmful error. Testimony

of direct conversations between plaintiff-administratrix and each co-defendant was admitted and was virtually identical to the content of the phone conversations. This testimony was clearly permissible. *Moore v. Dutson,* 79 Ga. 456 (2) (4 SE 169). Other testimony, unobjected to, from numerous witnesses about their conversations with the co-defendants was to the same effect. *Foster v. Silvey,* 104 Ga. App. 185 (2) (121 SE2d 263).

4. Appellants claim that the trial court erred in charging on the law of intestate distribution as that law would relate to the alleged coins and heirs of the estate of the alleged true owner. Under the evidence of this case, if the jury found that the coins existed, then the jury was to determine the possessory rights of the respective parties, to wit: the finders of the alleged treasure trove or the representatives of the estate of the alleged true owner. Although the laws of intestate distribution were not relevant to that determination, see e.g., *DeLong v. DeLong,* 134 Ga. App. 635 (215 SE2d 531) (title to personalty vests in administrator), we cannot see how defendants were prejudiced. In fact, the charge unfairly benefited defendants by charging the jury that if they found title in plaintiff's intestate, then they also had to determine whether others (who were at one time parties to the suit) were qualified as heirs to the coins.

5. In the original pleadings, appellee brought suit as heir of James Starr, the alleged true owner of the treasure trove. An affidavit was submitted by appellee, as heir, stating that "my grandfather, James Starr, was known to have built the chimney in 1910, or 1911... and that he was known to bury his money." The original pleadings were subsequently stricken and amended. The amended pleadings alleged that appellee's father, Oscar L. Adams, was the true owner of the alleged treasure trove. The court also granted appellee's pre-trial motion to amend the pleadings to allow the addition of appellee in her capacity as representative of the estate of Oscar Adams. The affidavit was not withdrawn.

Appellants assert that the affidavit constituted a solemn admission in judicio and that the trial court erred in allowing appellee to testify, over objection, that anyone other than James Starr was the true owner.

We need not decide the effect of failing to withdraw the affidavit after striking the pleading or the probative value of its contents. But see *Londeau v. Davis,* 136 Ga. App. 25 (4) (220 SE2d 43). The record clearly shows that appellee-administratrix did not controvert the truth of the statement in the affidavit, but rather asserted that her grandfather assisted her father in building the chimney and that her father was the true owner. There could not have been reversible error under these circumstances. See *Swift & Co. v. Hall,* 94 Ga. App. 239 (94 SE2d 145).

6. Appellants contend that the trial court's charge regarding the alleged coins constituted an expression that the coins existed.

The instructions taken as a whole clearly informed the jury of the issues of the case. " 'To declare the law applicable to a given state of facts, is no expression or intimation of opinion as to whether any of the facts referred to do or do not exist in the case on trial.' [Cits.]" *Coleman v. State,* 137 Ga. App. 689 (4) (224 SE2d 878).

7. Upon written motion, the trial court properly granted appellee's pre-trial motion for leave to amend the pleadings by inserting appellee's representative capacity. Appellee, however, did not file an amendment to the pleadings.

On appeal, appellants contend that this failure to comply with leave to amend was fatal. They do not argue that appellee failed to establish representative capacity by the evidence, rather they maintain that appellee's voluntary dismissal at the end of the trial of the complaint brought as an individual left the case with no party plaintiff and bars appellee from recovery. We disagree.

The defect here was an amendable one, and leave for amendment was properly granted. Code Ann. § 81A-115 (a). An amendable defect is cured by the judgment. *Rollins v. Personal Fin. Co.,* 49 Ga. App. 365 (3) (175 SE 609).

As appellants were fully aware of the claims involved herein and had ample opportunity to prepare their case, we cannot see how they were prejudiced in any manner whatsoever. Accordingly, this enumeration is without

merit.

8. Appellants submit that there was no evidence to authorize a finding of conspiracy. This must fail.

"Civil conspiracy is an act which is by its very nature covert and clandestine, and usually not susceptible of proof by direct evidence. Concert of action, amounting to a conspiracy, may be shown by circumstantial as well as direct evidence. [Cits.] Whether the facts shown established a conspiracy is a question of fact for the jury. [Cit.]" *Mixon v. Phoenix Landscaping, Inc.,* 136 Ga. App. 344, 345 (221 SE2d 225). See also *Grainger v. Jackson,* 122 Ga. App. 123 (176 SE2d 279).

Testimony of telephone conversations with appellant Davison's wife, the actions of co-defendant Payne in seeking legal advice concerning possessory rights to the alleged coins, various admissions to witnesses by each co-defendant, statements by co-defendant Payne that he would discuss with co-defendant Davison the possibility of placing the coins in escrow to determine ownership, and later denials of the alleged coins' existence were sufficient evidence, if believed by the jury, to authorize a finding that co-defendant Payne and co-defendant Davison undertook a course of conduct which would unlawfully deprive appellee of property to which appellee, as administratrix, had a superior possessory right.

This being so, a joint verdict against both defendants was authorized. *Brothers v. Horne,* 140 Ga. 617 (2) (79 SE 468).

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

ARGUED JANUARY 17, 1978 — DECIDED MARCH 14, 1978 — REHEARING DENIED MARCH 28, 1978 — CERT. APPLIED FOR.

*Floyd W. Keeble, Jr.,* for Davison.
*Rodger E. Davison,* for Payne.
*Walter J. Gordon,* for appellee.