## 55437. METCALF v. THE STATE.

WEBB, Judge.
Arthur Metcalf killed Tommy Lee Austin, his sister's husband, with a shotgun blast. He was indicted for murder, and convicted of voluntary manslaughter. The evidence indicates that Metcalf was visiting in the victim's home talking with the latter's wife, the victim came home intoxicated, began arguing with the accused about an alleged debt, cursed him, drew his pocket knife and with the knife opened threatened to kill the accused. The victim was restrained by two women, but continued his threats and abusive language. The accused went to his home nearby, got his shotgun and returned to the victim's house. Metcalf testified, "I went across the street and got the gun. I thought I'd get a gun, I'd quieten him down. I had no, you know, intention of killing him or shooting him. I thought any man sees a shotgun I think, I thought he'd quieten down, but he didn't, it didn't do no good." He further testified that when he came back across the street his sister "grabbed me some kind of way. When she

grabbed me, that's when the gun went off." And that's when his brother-in-law got shot. At the time of the fatal shot, the accused was in the street, and the victim was in his own yard, which was surrounded by a fence about head high.

Metcalf on his appeal charges as error that the verdict is strongly against the weight of the evidence, against the sufficiency of the evidence, and contrary to the law. We do not agree, and affirm the judgment.

The enumerated alleged errors are what is known as the "general grounds" of a motion for new trial. The first, that the verdict is strongly against the weight of the evidence, is addressed to the trial court. Appellate courts consider only the sufficiency of the evidence, not its weight. The weight of the evidence was considered by the jury at the trial and by the trial judge in ruling on the general grounds. *Ridley v. State,* 236 Ga. 147, 149 (223 SE2d 131) (1976); *Brooks v. State,* 141 Ga. App. 725, 739 (12) (234 SE2d 541) (1977). As to the other grounds, we find the evidence sufficient to authorize the verdict.

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

SUBMITTED MARCH 6, 1978 — DECIDED APRIL 6, 1978.

*William A. Prior, Jr.,* for appellant.
*Joseph H. Briley, District Attorney, Sallie Rich Jocoy, Assistant District Attorney,* for appellee.