60205. WOOD et al. v. GARNER.

SMITH, Judge.

Appellees brought a trover action and obtained a jury verdict in the amount of $2,400. Appellant asserts that the claim was barred by the statute of limitations and by the equitable doctrine of laches. Appellant also contends that the evidence of value was insufficient to support the verdict. We affirm.

Appellee's complaint alleged that "[o]n or about 1954, Plaintiff placed in the care and possession of the deceased certain valuable antique china items . . . Said items were placed in the Deceased's care and possession for storage purposes only." The deceased was married to appellee's sister, who died intestate on October 3, 1957. The deceased also died intestate, on July 14, 1977. His daughter, appellant Mary Frances Wood, was appointed administratrix of his estate. Thereafter, appellee, either individually or through his attorney, demanded that the antique china items be returned. Appellant denied any knowledge of the china. It was never returned. See *Davidson v. Strickland,* 145 Ga. App. 420, 421-422 (243 SE2d 705) (1978). Appellee filed this action in 1976.

1. Appellant asserts that the statute of limitations barred

appellee's claim in trover. The applicable period of limitations is set forth in Code § 3-1003, which provides: "All suits for the recovery of personal property, or for the conversion or destruction of same, shall be brought within four years after the right of action accrues and not after." See *Jackson v. Citizens Trust Bank,* 133 Ga. App. 371 (211 SE2d 17) (1974). Appellant argues that the statute began to run within a reasonable time after the delivery of the property to the decedent. We disagree. "In the present case, possession having been voluntarily surrendered for an indefinite time, demand and refusal were necessary to show conversion. The statute began to run from the date of demand and refusal . . ." *Hicks v. Moyer,* 10 Ga. App. 488, 491 (73 SE 754) (1911). Appellant made no effort at trial to establish any other time from which the statute commenced to run. The evidence is uncontroverted that appellee's demand was made less than four years prior to the filing of the action. We conclude that appellee's claim was not barred by the statute of limitations.

2. Contrary to appellant's assertions, appellee's claim was not barred by the doctrine of laches. "The complaint in this case is a suit at law. The equitable doctrine of laches is not applicable to suits at law . . ." *Columbus Bank & Trust Co. v. Dempsey,* 120 Ga. App. 5, 6 (169 SE2d 349) (1969). *Moore v. American Finance System,* 236 Ga. 610 (225 SE2d 17) (1976).

3. In her final enumeration of error, appellant contends the evidence of value was insufficient to support the verdict since "the only evidence as to the value of the crystal and china in question was that of an expert witness who testified that the total value was . . . $2,139.00."

In our view, the jury verdict of $2,400 was authorized by the evidence. The jury "may arrive at a different figure, even though such figure is somewhat higher or lower than that to which any witness has testified (*Hoard v. Wiley,* 113 Ga. App. 328 (147 SE2d 782)), provided it is within the range of all of the evidence from which value may be determined." *Smaha v. State Highway Department,* 114 Ga. App. 60, 61 (150 SE2d 327) (1966); *Department of Transportation v. Driggers,* 150 Ga. App. 270 (257 SE2d 294) (1979). The "value fixed by the jury could be higher or lower than that of the opinion, provided the verdict is not palpably unreasonable under all the evidence . . ." *Hogan v. Olivera,* 141 Ga. App. 399, 402 (233 SE2d 428) (1977). "[T]he verdict reached is not so disparate as to justify an inference of gross mistake or undue bias." *Department of Transportation v. Driggers,* supra at 274.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

Submitted July 1, 1980 — Decided November 7, 1980 —

*John G. Hunter,* for appellants.
*Philip L. Merkel,* for appellee.