37964. TROUP v. TROUP et al.

JORDAN, Chief Justice.

After grant of her application for interlocutory appeal, Ethel

---

Hurtis Troup (Miss Troup) appeals from an order denying her motion for summary judgment.

Upon the death of her father, Miss Troup went to live with her mother, Mrs. Fannie Luke Troup, in the family home on the family farm. Her brothers and sisters were married and lived elsewhere. Miss Troup cared for her mother.

On February 6, 1958, her mother conveyed the home and lands to Miss Troup, reserving a life estate to herself. On December 21, 1965, the life estate reserved by Miss Troup's mother was released to Miss Troup.

On October 22, 1960, the brothers and sisters of Miss Troup filed on behalf of their mother, Mrs. Fannie Luke Troup, an action to cancel the 1958 conveyance, which suit was dismissed on motion of Mrs. Fannie Luke Troup. The motion to dismiss, verified by the movant, recited that she had not authorized the action to be brought in her behalf, that the action was a fraudulent scheme to harass and embarrass her and Miss Troup in an attempt to coerce them into dividing the property with the other children, and that she "had a perfect right, in the law, to deed said lands to her only unmarried child, the said Ethel Hurtis Troup, who has been most attentive, affectionate, and helpful to her, the movant, to the exclusion of her other said children, all of whom have their own families, and for one reason or the other, have not altogether devoted to her even a small fraction of the time, care and loving attention which she has received from her said daughter, Ethel Hurtis Troup."

On December 3, 1980, after the death of Mrs. Fannie Luke Troup, the plaintiffs, brothers and sisters of Miss Troup, filed this action seeking to set aside the two deeds on the ground they had been procured by fraud practiced upon their mother by Miss Troup. Miss Troup's motion for summary judgment raising, among other defenses, the statute of limitations was denied by the trial court, thereby precipitating this appeal.

1. Miss Troup's brothers and sisters contend, quite correctly, that prior to the death of their mother in 1980, they could not have maintained in their own right a suit to cancel their mother's 1958 and 1965 deeds to their sister, Miss Ethel Hurtis Troup. *Frady v. Irvin,* 245 Ga. 307, 308 (3) (264 SE2d 866) (1980). The reason for this rule is that " 'No one can be an heir of a living person, and before the death of the ancestor an expectant heir has no interest or estate in property which he may subsequently inherit.' " *Harper v. Harper,* 241 Ga. 19 (1), 20 (243 SE2d 74) (1978).

2. However, it does not follow that Miss Troup's defense of statute of limitations lacks merit. The complaint alleges that Miss Troup procured the 1958 and 1965 conveyances from her mother

through fraud by making various specifically enumerated false statements to her mother about the true feelings of Miss Troup's brothers and sisters and their children, thereby causing her mother to lose all love and respect for all her mother's other children and grandchildren; that Miss Troup also "brainwashed" her mother into believing that Miss Troup could do no wrong, thereby gaining control of her decisions respecting the other children and the grandchildren so her mother was incapable of making an intelligent disposition of her property.

" '[T]he period of limitation applicable to an action for fraud in procuring the title to land is the same as that which would apply to an action for the land, to wit, seven years from the discovery of the fraud.' " *Stephens v. Stephens,* 238 Ga. 650, 651 (235 SE2d 141) (1977). Code Ann. § 3-807.

The complaint alleges that Miss Troup influenced or controlled her mother through her fraudulent misrepresentations; not that her mother lacked sufficient mental capacity to act in her own behalf without the appointment of a guardian or guardian ad litem. See Code Ann. §§ 49-601, 81A-117 (c). Accordingly, although Miss Troup's brothers and sisters could not have maintained an action to cancel the deeds until after the death of their mother (Division 1, supra), Miss Troup's mother could have filed suit during her lifetime to cancel the instruments. Reasonable diligence on her part would have made known to her during the period of limitation the true feelings of her other children and her grandchildren toward her. *Jones v. Johnson,* 203 Ga. 282 (46 SE2d 484) (1948). Her verified motion to dismiss the 1960 lawsuit purportedly filed in her behalf by her children other than Miss Troup evidences her determination that she had not been defrauded by Miss Troup. She, herself, did not commence such an action within the period of limitation. *Stephens v. Stephens,* supra.

The trial court should have granted Miss Troup's motion for summary judgment and dismissed the suit to cancel the deeds.

*Judgment reversed. All the Justices concur.*

DECIDED DECEMBER 2, 1981 —
REHEARING DENIED DECEMBER 17, 1981.

*Rogers & McCranie, Murphey Rogers, Clauye C. McCranie,* for appellant.

*Walters, Davis, Smith & Meeks, W. Emory Walters, Rick F. Ellis,* for appellees.