### 67322. DUNN et al. v. TOWLE.

DEEN, Presiding Judge.

When appellant Kenneth E. Dunn's widowed mother died in Wisconsin in 1968, his maternal grandmother, Nettie M. Towle, who had lived with her daughter, moved from Wisconsin to Columbus, Georgia, where appellant and his wife, appellant Faye J. Dunn, were residing. Mrs. Towle lived with Kenneth and Faye for several months and then moved into the house next door, which appellants had arranged for her to rent. Mrs. Towle subsequently named Kenneth as executor of her estate, gave him a power of attorney for handling her financial affairs as necessary, and caused a $10,000 certificate of deposit to be issued in the names of "Nettie M. Towle or Kenneth E. Dunn." During this period of time Dunn succeeded in arranging for Mrs. Towle to obtain increased Social Security benefits as the surviving dependent of his late mother.

In the Spring of 1977 Mrs. Towle's health deteriorated to the point that it was decided she should enter a nursing home. On April 13, 1977, the day on which Dunn filled out a Medicaid application for his grandmother, the unmatured $10,000 certificate of deposit was cashed; Mrs. Towle's savings account (containing $756) was closed, and her common stocks (100 shares in each of two companies), worth an approximate total of $8,600, were transferred from her name into that of Faye J. Dunn. Mrs. Towle's checking account remained open and active until her death in May 1980.

At Mrs. Towle's death her only surviving son, appellee Harold Towle, to whom she had willed two-thirds of her estate (the remaining one-third to go to Kenneth), demanded an accounting of the assets of the estate. Kenneth replied that there were no assets and refused either to make an accounting or to probate the will. Towle petitioned the court to appoint him Permanent Administrator with the Will and Codicil Thereto Annexed and brought an action against

appellants, alleging that they had concealed and converted the assets of Mrs. Towle deliberately, wilfully, and with intent to defraud. A Muscogee County jury found for the plaintiff, awarding damages in the amount of $20,392 (the approximate value of the assets allegedly converted) and punitive damages in the amount of $6,250. The Dunns appeal, enumerating as error (1) appellee's failure to meet his burden of proving fraudulent and wrongful conversion; (2) particularly with respect to Mrs. Dunn; (3) the court's ruling that the action was not barred by the statute of limitations; (4) the court's admitting certain testimony regarding damages; and (5) the court's allowing appellee to testify as an expert witness on the value of certain items of household furniture. *Held*:

1. We find the appellant's first and third enumerations to be without merit. The function of an appellate court is not to weigh the evidence but to determine that sufficient competent evidence was adduced to support the verdict of the jury. *Dept. of Human Resources v. Montgomery*, 248 Ga. 465 (284 SE2d 263) (1981); *Ridley v. State*, 236 Ga. 147 (223 SE2d 131) (1976). Our examination of the record indicates that there was sufficient competent evidence to sustain the verdict.

2. The trial court did not err in holding that appellee Towle's action was not barred by the statute of limitations. The applicable limitation is four years. OCGA § 9-3-32. Since according to the record the alleged conversion of assets took place on or about April 13, 1977, then, absent fraud, the statute would ordinarily have expired April 13, 1981, or approximately eleven months after Mrs. Towle's death on May 26, 1980.

Under the ordinary rules of probate administration, Mrs. Towle's personal representative would have succeeded to whatever right of action against appellants she might have had at the time of her death. This means that in the instant case appellee Towle, upon appointment as Administrator c.t.a. on September 2, 1980, would have succeeded to the still viable cause of action for conversion, assuming that such existed, as appellee contends it did. Because the estate was technically unrepresented between the date of Mrs. Towle's death and the date of appellee's appointment (a period of approximately three and one-half months), the statute would have been tolled during this time. OCGA § 9-3-92. Such tolling would have advanced the date of the statute's expiration (again absent fraud) from April 13, 1981, to approximately August 1, 1981.

Where, as here, there is an allegation of fraud, however, the statute of limitations is tolled until such time as the fraudulent conduct was discovered, or by exercise of due diligence ought to have been discovered. OCGA §§ 9-3-96; 9-3-98; *Shipman v. Horizon Corp.*, 245 Ga. 808 (267 SE2d 244) (1980); *Jones v. Spindel*, 239 Ga. 68 (235

SE2d 486) (1977); *Saffold v. Scarborough*, 91 Ga. App. 628 (86 SE2d 649) (1955). Whether because of senility, or undue influence, or misplaced trust and confidence, or affirmative misrepresentation, or for whatever reason (there is conflicting evidence as to the decedent's mental acuity), Mrs. Towle did not discover the alleged conversion before her death. See OCGA § 23-2-51; *Shipman v. Horizon Corp.*, supra at 809. Between the time of his mother's death and his appointment as Administrator c.t.a., however (that is, during the time when the estate was unrepresented because of Kenneth Dunn's refusal to probate the will), appellee became suspicious and demanded an accounting. Upon Dunn's refusal of the demand, appellee applied for appointment as the estate's representative and was appointed September 2, 1980, at which time the original statute would still have had eleven months to run.

Fraud having been alleged, the controlling statute therefore actually began to run only at the time of the demand and refusal, or a few days prior to September 2, 1980. It would not expire until on or about September 2, 1984 — more than two years after the filing of the action below on May 2, 1982. *Wood v. Garner*, 156 Ga. App. 351 (274 SE2d 737) (1980); see also *Fletcher v. Fletcher*, 242 Ga. 158, 160 (249 SE2d 530) (1978). The action below was timely filed, and this enumeration is also without merit.

3. Scrutiny of the record reveals no error of law with respect to appellants' fourth and fifth enumerations. These are therefore without merit.

*Judgment affirmed. McMurray, C. J., Shulman, P. J., Banke and Birdsong, JJ., concur. Quillian, P. J., Carley, Sognier and Pope, JJ., dissent.*

DECIDED MARCH 6, 1984 —
REHEARING DENIED MARCH 27, 1984 —

*Ronald S. Iddins*, for appellants.
*J. Willard Register*, for appellee.

CARLEY, Judge, dissenting.

Contrary to the holding in Division 2 of the majority's opinion, I believe that this action was barred by the statute of limitations. My review of the record reveals nothing to support the conclusion on pages 5 and 6 of the majority opinion that "there is conflicting evidence as to the decedent's mental acuity." Even if such evidence existed, it would be relevant for tolling the statute based upon mental incapacity pursuant to OCGA § 9-3-90 and would not relate to the existence or nonexistence of fraud. In the instant case, as in *Troup v. Troup*, 248 Ga. 662 (285 SE2d 19) (1981), appellee did not contend

that decedent "lacked sufficient mental capacity to act in her own behalf without the appointment of a guardian or guardian ad litem." *Troup v. Troup,* supra, 664.

My further review of the record indicates no evidence of undue influence, misplaced trust and competence or affirmative misrepresentation on appellant's part. The certificate of deposit was in both names and the stocks were transferred with appellant's signature. The savings account was closed pursuant to a valid power of attorney. While this may have been done to "defraud" the government so as to qualify decedent for medicare benefits, there is nothing to indicate that it was done without the decedent's knowledge or approval. The fact that the decedent's assets were "concealed" from the government or from appellee is of no significance so long as they were not concealed from the decedent herself.

I agree that under certain circumstances, fraud will toll the statute of limitations. However, I do not believe those circumstances were shown here and it is clear that merely *alleging* fraud is not sufficient to toll the statute. The burden of proof in this connection was on the appellee. *Bates v. Metro. Transit System,* 128 Ga. App. 720 (197 SE2d 781) (1973). Based on the record before us, I believe that the defense raising the statute of limitations was, as a matter of law, a valid one and the trial court erred failing to so rule. *Troup v. Troup,* supra. Therefore, I must respectfully dissent.

I am authorized to state that Presiding Judge Quillian, Judge Sognier and Judge Pope join in this dissent.