A90A1437. GREEN v. YOUNG.
(397 SE2d 509)

BANKE, Presiding Judge.

On October 31, 1988, the appellant filed suit against the appellee to recover for injuries allegedly sustained in an automobile accident which had occurred on November 3, 1986. The service address furnished with the complaint was that of the appellee's employer at the time of the collision. The appellee filed an answer on May 8, 1989, asserting, inter alia, that the court lacked jurisdiction due to insufficiency of service of process and that the claim was barred by the running of the statute of limitation. The trial court granted summary judgment to the appellee based on the statute of limitation defense, ruling that the appellant had failed to exercise due diligence in perfecting service; and this appeal followed.

In an affidavit submitted in support of his motion for summary judgment, the appellee averred that he had resided at the same address since August of 1988. In an effort to establish that she had exercised due diligence in attempting to perfect service, counsel for the appellant submitted an affidavit detailing her efforts to locate the appellee. She acknowledged in this affidavit that she had been aware that she did not have the defendant's correct address at the time she filed the lawsuit and revealed that, after having made several inquiries to the sheriff's office concerning the status of service, she had decided to seek "outside help" in finding him on February 1, 1989, when she learned that the attorney representing his wife in a divorce action had also been unsuccessful in locating him. Nine days later she wrote to a local attorney seeking the name of an investigator, but nothing came of the inquiry. On February 24, 1989, she sent a similar letter to another attorney and again obtained no response. On March 28, 1989, she moved for and obtained an order authorizing service by publication. The appellee, who has never been personally served, filed his answer on May 8, 1989. *Held*:

"Where an action is filed within the applicable limitation period but is not served upon the defendant within five days thereafter or within the limitation period, the plaintiff must establish that he acted

in a reasonable and diligent manner in attempting to insure that proper service was effected as quickly as possible; and if he is guilty of laches in this regard, service will not relate back to the time of filing of the complaint for the purpose of tolling the statute of limitation. [Cit.] The plaintiff has the burden of showing that due diligence was exercised. [Cits.] Ordinarily, '(t)he determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse.' [Cit.]" *Shears v. Harris*, 196 Ga. App. 61 (395 SE2d 300) (1990).

In its order awarding summary judgment to the appellee, the trial court expressly found that the appellant had failed to demonstrate reasonable diligence in attempting to effect timely service, even though prior to filing suit he had been "aware of the difficulties in determining the [appellee's] whereabouts." A plaintiff is under an obligation to ascertain the defendant's address before filing suit. *Walker v. Hoover*, 191 Ga. App. 859 (383 SE2d 208) (1989); and " '[o]ur statutes pertaining to torts . . . contain no provision for service by publication in any action for personal judgment for a tort against any person, resident or nonresident.' " *Smith v. Commercial Union Assurance Co.*, 246 Ga. 50 (268 SE2d 632) (1980). Under the circumstances, we hold that the trial court did not err in granting summary judgment to the appellee based on the running of the statute of limitation. See *Forsyth v. Brazil*, 169 Ga. App. 438 (313 SE2d 138) (1984).

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED SEPTEMBER 27, 1990.

*Dozier, Akin & Lee, L. Z. Dozier, Jr.*, for appellant.
*Jones, Cork & Miller, John T. Mitchell, Jr., Thomas W. Joyce*, for appellee.