## A90A2106. SMITH v. WINN.
### (402 SE2d 79)

BANKE, Presiding Judge.

The appellant filed this action against the appellee on August 22, 1988, seeking to recover for injuries allegedly sustained in an automobile accident which had occurred on December 9, 1986. On September 13, 1988, a return of service was filed stating that after a diligent search the appellee could not be found within the jurisdiction of the court. No further action was taken to perfect service until approximately a year later, when, on September 9, 1989, the appellant moved the court for the appointment of an agent for service of process. Service was thereafter perfected upon the appellee on November 7, 1989, some 14 months after the filing of the complaint and 11 months after the running of the statute of limitation. The trial court granted summary judgment to the appellee on the ground that the appellant had failed to exercise due diligence in attempting to perfect service, and this appeal followed. *Held*:

1. "Where an action is filed within the applicable limitation period but is not served upon the defendant within five days thereafter or within the limitation period, the plaintiff must establish that he acted in a reasonable and diligent manner in attempting to insure that proper service was effected as quickly as possible; and if he is guilty of laches in this regard, service will not relate back to the time of the filing of the complaint for the purpose of tolling the statute of limitation. [Cit.] The plaintiff has the burden of showing that due diligence was exercised. [Cits.] Ordinarily, '(t)he determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse.' [Cit.]" *Shears v. Harris*, 196 Ga. App. 61, 62 (395 SE2d 300) (1990). The trial court was authorized to conclude in this case that the appellant had failed to establish that he had acted in a reasonable and diligent manner in attempting to effect service as quickly as possible.

2. The appellant contends that there is evidence that the apellee fraudulently attempted to avoid service by misrepresenting his whereabouts and that an issue of fact consequently remains as to whether the limitation period was tolled pursuant to OCGA § 9-3-96. That

Code section provides that, if a defendant is "guilty of a fraud by which the plaintiff has been debarred or deterred from *bringing an action*, the period of limitation shall run only from the time of the plaintiff's discovery of the fraud." (Emphasis supplied.) Because it is not alleged that any conduct on the part of the appellee prevented the appellant from learning of the cause of action or filing this suit, OCGA § 9-3-96 is clearly inapplicable. See generally *Bates v. Metro. Transit Sys.*, 128 Ga. App. 720, 721 (197 SE2d 781) (1973). Moreover, fraud will not operate to toll the statute of limitation where, as in the present case, ordinary diligence is not exercised to discover it. *Georgia Power Co. v. Womble*, 150 Ga. App. 28 (1) (256 SE2d 640) (1979). Accordingly, the court did not err in granting summary judgment to the appellee based on the running of the statute of limitation.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 1, 1991.

*Repasky & Bates, Fred R. White*, for appellant.
*Bovis, Kyle & Burch, Charles M. McDaniel, Jr.*, for appellee.