A91A0435. CAPRA v. ROGERS et al.
(407 SE2d 101)

COOPER, Judge.

This appeal arises from a personal injury action brought by appellant against appellees, Lizzie and Charles Rogers, and Glens Falls

Insurance Company ("Glens Falls"), appellant's uninsured motorist carrier.

Appellant filed a complaint against Lizzie P. Rogers and Charles Rogers on July 17, 1989, in the Superior Court of Bryan County, seeking to recover for injuries allegedly sustained in an automobile accident which occurred on August 3, 1987. A deputy sheriff with the Bryan County Sheriff's Office attempted to serve Lizzie and Charles Rogers at the address provided by appellant but was unable to locate them at their home. Because neighbors told the deputy sheriff that they thought the couple had moved, returns of service were entered on July 31, 1989, stating that after a diligent search, Lizzie and Charles Rogers could not be found within the jurisdiction of the court. Thereafter, appellant's counsel spent approximately four months trying to locate the whereabouts of Lizzie and Charles Rogers and finally gave the paperwork to a private process server who was able to personally serve Charles Rogers on December 7, 1989, at the address originally set forth on the summons. The process server also left a copy of the summons and complaint at the residence for Lizzie Rogers because he had been led to believe by Charles Rogers that she still resided at that address.

On August 10, 1989, one week after the expiration of the statute of limitation, appellant had a summons and a duplicate original of the complaint prepared by the Clerk of the Bryan County Superior Court to be served against Glens Falls. Service on Glens Falls' registered agent in New York was not perfected until November 1, 1989. Shortly thereafter, Glens Falls filed a motion to dismiss appellant's complaint on the grounds that Glens Falls was not served with a summons and complaint within two years from the date of the automobile accident.

On January 2, 1990, Charles and Lizzie Rogers filed their separate answers to the complaint. Charles Rogers raised as a defense that because appellant failed to diligently serve him, the action was barred by laches and the applicable statute of limitation. Lizzie Rogers raised the defenses of statute of limitation and insufficiency of service of process. On February 15, 1990, they both filed motions to dismiss appellant's complaint. Lizzie Rogers alleged in her motion that she had moved out of the Rogers' residence on April 1, 1989, and presently resided in Glynn County, Georgia. Based upon that information, appellant had Lizzie Rogers served by the private process server at her residence in Glynn County. The date of such service is not readily apparent from the record. Subsequently Lizzie and Charles Rogers filed supplemental briefs in support of their motions to dismiss in which they raised the issue of insufficiency of service by private process server, and Charles Rogers amended his answer raising the defense of insufficiency of service of process. Appellant then had additional copies of the lawsuit delivered to the respective sheriffs' offices

and Lizzie Rogers was served in Glynn County on April 9, 1990, and Charles Rogers was served in Bryan County on April 15, 1990.

The trial court granted Glens Falls' motion to dismiss on the grounds that Glens Falls was not served with process within two years from the date of the accident. The trial court also granted Lizzie and Charles Rogers' motions to dismiss on the grounds that appellant had not exercised due diligence in perfecting service after the running of the statute of limitation, and appellant's attempt to serve process on Lizzie and Charles Rogers by private process server was insufficient.

Appellant appeals the trial court's rulings claiming that the trial court erred in holding that appellant failed to exercise due diligence in attempting to have appellees served.

1. We first address appellant's claim that the trial court erred in ruling that appellant's attempt to serve process on Lizzie and Charles Rogers by private process server was insufficient because the private process server hired by appellant, Ancil Gordon, had not been properly appointed by the Superior Court of Bryan County. OCGA § 9-11-4 (c) provides: "Process shall be served by the sheriff of the county where the action is brought or where the defendant is found, or by his deputy, or by the marshal or sheriff of the court, or by his deputy, or by any citizen of the United States specially appointed by the court for that purpose." The undisputed evidence in this case established that Ancil Gordon was not a deputy sheriff, marshal, sheriff, or other deputy of the court. Furthermore, the record fails to show that he was a citizen specially appointed by the Superior Court of Bryan County for the purpose of serving process. We reject appellant's argument that Ancil Gordon's appointment as a registered civil process server for the United States District Court for the Southern District of Georgia also authorized him to serve the complaint and summons in this action. " 'It is a fundamental rule of statutory construction that where the language of a statute is plain and unambiguous, the terms used therein should be given their common and ordinary meaning. [Cits.]' " *Sledge v. Employees' Retirement System of Ga.*, 196 Ga. App. 597, 598 (396 SE2d 550) (1990). We can only conclude that the plain and unambiguous language of OCGA § 9-11-4 (c) means that in order for a citizen to be authorized to serve process, he must be specially appointed by the court in which the action has been brought. To conclude otherwise would be contrary to the common and ordinary meaning of the language of the statute. Thus, because Ancil Gordon was without authority to serve process, "his attempt to do so was without effect. [Cit.]" *Denny v. Croft*, 195 Ga. App. 871 (2), 872 (395 SE2d 72) (1990). See also *Townsend v. Williams*, 170 Ga. App. 766 (318 SE2d 510) (1984). Accordingly, the trial court did not err in ruling that appellant's purported attempt to serve process on Charles and Lizzie Rogers in December by private process server was insuffi-

cient.

2. Relying on *Whitley v. Hsu,* 260 Ga. 539 (397 SE2d 694) (1990), appellant enumerates as error, the failure of Charles Rogers to raise in his answer or by motion filed before or simultaneously with the answer, the defense of insufficiency of process. However, this argument was not raised in the trial court and may not be considered for the first time on appeal. *Noro-North Plaza &c. v. Rare Coins of Ga.,* 196 Ga. App. 443, 444 (1) (395 SE2d 918) (1990).

3. Appellant also claims that the trial court erred in finding that appellant had failed to exercise due diligence in attempting to perfect service on Lizzie and Charles Rogers. " 'Where an action is filed within the applicable limitation period but is not served upon the defendant within five days thereafter or within the limitation period, the plaintiff must establish that he acted in a reasonable and diligent manner in attempting to insure that proper service was effected as quickly as possible; and if he is guilty of laches in this regard, service will not relate back to the time of filing of the complaint for the purpose of tolling the statute of limitation. (Cit.) The plaintiff has the burden of showing that due diligence was exercised. (Cits.) Ordinarily, "(t)he determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse." (Cit.)' [Cit.]" *Green v. Young,* 197 Ga. App. 101, 102 (397 SE2d 509) (1990). See also *McManus v. Sauerhoefer,* 197 Ga. App. 114 (397 SE2d 715) (1990).

In the present case approximately eight months passed between the expiration of the statute of limitation and the date that Lizzie and Charles Rogers were properly served with a copy of the complaint. This court has recently held that a period of delay of as little as 63 days will support the dismissal of a complaint for laches. *McManus v. Sauerhoefer,* supra at 115. Moreover, appellant's claim that Lizzie and Charles Rogers fraudulently attempted to avoid service is not supported by the evidence. Although it may very well be true that neighbors told the sheriff that the couple had moved out of the jurisdiction, the evidence is clear that Charles Rogers was living at home during the entire period that appellant was allegedly looking for him. "[F]raud will not operate to toll the statute of limitation where, as in the present case, ordinary diligence is not exercised to discover it. [Cit.]" *Smith v. Winn,* 198 Ga. App. 459 (2), 460 (402 SE2d 79) (1991).

" 'Here the trial judge heard argument and considered the affidavits filed. Based thereon he found, in his discretion, that [appellees'] motion[s] should be granted. Although excuses were offered, we can not hold that the [appellant] was diligent, as a matter of law.' [Cit.]"

*Hudgins v. Bawtinhimer*, 196 Ga. App. 386, 390 (4) (395 SE2d 909) (1990).

4. Appellant lastly enumerates as error the trial court's ruling dismissing Glens Falls on the grounds that appellant was guilty of laches in perfecting service on Glens Falls. OCGA § 33-7-11 (d) provides that when a party asserts an uninsured motorist claim, "a copy of the action and all pleadings thereto shall be served as prescribed by law upon the insurance company issuing the policy as though the insurance company were actually named as a party defendant. . . . In any case arising under this Code section where service upon an insurance company is prescribed, the clerk of the court in which the action is brought shall have same accomplished by issuing a duplicate original copy for the sheriff or marshal to place his return of service in the same form and manner as prescribed by law for a party defendant." It is undisputed that appellant did not have a summons and duplicate original of the complaint prepared by the Clerk of the Superior Court of Bryan County until August 10, 1989, one week after the expiration of the statute of limitation and that Glens Falls was not served with a copy of the complaint until November 1, 1989, 12 weeks after the expiration of the statute of limitation. "[A]n uninsured motorist carrier is entitled to service within the time allowed for service on the defendant in the tort action." *Williams v. Thomas*, 183 Ga. App. 51, 52 (2) (357 SE2d 872) (1987). "It is clear that [Glens Falls] was served neither timely nor in the manner required under the statute. Accordingly, [Glens Falls] was entitled to summary judgment. [Cit.]" *State Auto Ins. Co. v. Reese*, 191 Ga. App. 818, 819 (383 SE2d 157) (1989).

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED JUNE 24, 1991.

*Calhoun & Associates, Michael A. Lewanski*, for appellant.

*Brennan, Harris & Rominger, Richard A. Rominger, G. Mason White, Brannen, Searcy & Smith, Joseph J. Berrigan*, for appellees.