### 52416. BAILEY et al. v. GENERAL APARTMENT COMPANY.

MARSHALL, Judge.

Appellants, the Baileys (father and son) brought suit against General Apartment Company for malicious prosecution in that General Apartment caused the son Bailey to be arrested and subsequently to be indicted for an alleged burglary of one of the apartments managed by General Apartment. The prosecution under this indictment ultimately was terminated by nolle prosequi on March 5, 1973. The suit for malicious prosecution was instituted on August 14, 1975. The trial court granted General Apartment's motion for summary judgment on the grounds that the suit for malicious prosecution was barred by the statute of limitation. The Baileys, father and son, enumerate as error the action of the trial court in granting General Apartment's motion for summary judgment and the concomitant ruling that the action was barred by the statute of limitation. *Held:*

The basis of the Baileys' appeal is that the malicious prosecution must be ended before the right of action accrues (Code § 105-806); that if for any informality an indictment is quashed or a nolle prosequi entered, a new indictment may be found and prosecuted within six months of the nolle prosequi (Code § 27-601 (4)); and finally that the statute of limitation on an action for malicious prosecution is two years (Code § 3-1004); *Davison-Paxon Co. v. Norton,* 69 Ga. App. 77, 80 (3) (24 SE2d 723). Though the complaint of malicious

prosecution was more than two years after the nolle prosequi, it was filed within two years of the termination of the right of the state to reindict the son Bailey as provided in Code § 27-601 (4).

It is true that if one arrested on a criminal warrant is discharged at the instance of the prosecution and without prejudice, the prosecution with due diligence and under the appropriate circumstances, may follow up with a new and valid prosecution, carrying it on in a court having jurisdiction to try the case upon its merits. It has been held that this amounts to a continuation of the original prosecution. *Hartshorn v. Smith,* 104 Ga. 235 (30 SE 666). See also *Price v. Cobb,* 60 Ga. App. 59 (3 SE2d 131).

That same principle, however, is not applicable where the prosecutor does not exercise the right in due course to reinstitute a charge but allows the nolle prosequi to remain in effect past the six-month period allowed for reinstatement. The plain language and purport of Code § 27-601 (4), supra, is to allow the state within a six-month period the right to correct an informal mistake in a criminal warrant or indictment or suffer a final foreclosure of the right to prosecute the alleged criminal misconduct if the criminal process is not properly reinstituted. We find the language in *Page v. Citizens Bkg. Co.,* 111 Ga. 73 (5) (36 SE 418) to be enlightening: "Abandoning the prosecution before the committing magistrate, and procuring him to grant an order dismissing the warrant and discharging the accused on the ground that the prosecutor had no evidence whatever to offer against him, amounts to a termination of the prosecution, *when no further action thereon is taken.*" (Emphasis supplied.) See also *Pickard v. Bridges,* 7 Ga. App. 463 (67 SE 117); *Ayala v. Sherrer,* 234 Ga. 112, 114, 117 (214 SE2d 548).

The net effect of the extension provision of Code § 27-601 (4) is to render dubious the practicality of bringing a malicious prosecution action within six months of the nolle prosequi of the basic criminal complaint at the instance of the state. Under such circumstances during that six-month period the action is not yet final. *Price v. Cobb,* 60 Ga. App. 59, supra. See also footnote 1 appearing at page 115 in the case of *Ayala v. Sherrer,* 234 Ga. 112,

supra.

However, the filing of a nolle prosequi by the prosecutor and dismissal of the action by the trial court constitutes prima facie a termination of the prosecution in favor of the person arrested. Such a termination is sufficient to commence the running of the statute subject to the right of the state to reinstate the action within the six-month period. See *Cain v. Kendrick,* 199 Ga. 147 (33 SE2d 417). Since no further action was taken in this case by the state to reinstate the indictment, the original nolle prosequi progressed from a prima facie termination of the action to an irrebuttable conclusion of finality. Further, since the state took no action following the nolle prosequi to toll the statute, the provisions of Code § 3-1004 applied from March, 1973, and barred the action for malicious prosecution filed over two years later in August, 1975.

For the reasons stated, the trial court did not err in accepting the defense of the statute of limitation nor in granting summary judgment for General Apartment.

*Judgment affirmed. McMurray and Smith, JJ., concur.*

SUBMITTED JULY 6, 1976 — DECIDED SEPTEMBER 14, 1976 — REHEARING DENIED SEPTEMBER 30, 1976.

*Thomas H. Harper, Jr.,* for appellant.
*Peek & Whaley, William H. Whaley,* for appellee.