## 54832, 54833. McLENDON ELECTRIC COMPANY v. McDONOUGH CONSTRUCTION COMPANY et al.; and vice versa.

BIRDSONG, Judge.

The opinion of this court in *McLendon Elec. Co. v. McDonough Const. Co.* (No. 54832), 145 Ga. App. 137 (243 SE2d 537) was consolidated with the companion appeal of *McDonough Const. Co. v. McLendon Elec. Co.* (No. 54833). In its opinion as to Case No. 54832, *McLendon Elec. Co. v. McDonough Const. Co.,* this court affirmed the dismissal of the cause of action as to one defendant (St. Paul Fire &c. Co.) and reversed the judgment in favor of another

defendant (Urban Medical Services Associates). As to Case No. 54833, *McDonough Const. Co. v. McLendon Elec. Co.,* this court affirmed the judgment as against the appellant McDonough and in favor of McLendon. The Supreme Court granted certiorari as to the opinion of the court, but limited the certiorari to one issue. The opinion of the Supreme Court (No. 33606, *McDonough Const. Co. v. McLendon Elec. Co.,* decided November 11, 1978 (242 Ga. 510)) did not disturb any of the judgments of this court in *McLendon Elec. Co. v. McDonough Const. Co.,* Case No. 54832.

In relation to *McDonough Const. Co. v. McLendon Elec. Co.,* Case No. 54833, the Supreme Court considered only one issue that was involved in the decision of this court. The Supreme Court determined this court erred in concluding that § 9 (c) of the Civil Practice Act, Code Ann. § 81A-109 (c) mandates that failure to specifically deny allegations of compliance with conditions precedent contrary to Code Ann. § 81A-109 (c) constitutes an admission. Based upon this error, the Supreme Court reversed the judgment of this court. The remand of the case to this court does not make it clear how the reversal of this one issue affected the remaining issues decided by this court. We assume, however, that the Supreme Court affirmed the other issues sub silentio.

We have reconsidered our opinion as to the appeal of McLendon in Case No. 54832. We conclude that the error involving Code Ann. § 81A-109 (c) has no effect upon our decision in Case No. 54832. Consequently, the judgment in Case No. 54832 insofar as it dismissed the cause of action against St. Paul is again affirmed. Insofar as the trial court granted summary judgment in favor of Urban and denied McLendon a special lien against Urban's property, that portion of No. 54832 is again reversed. The enforcement of any such lien, of course, depends either upon a valid judgment against McDonough or as an exception thereto, compliance with the provisions of Code Ann. § 67-2002 (3).

As to Case No. 54833, *McDonough Const. Co. v. McLendon Elec. Co.,* supra, McDonough raised four enumerations of error. The decision of the Supreme Court did not disturb the conclusions of this court in relation to

Enumerations 2, 3, and 4. Upon further consideration, we adhere to our conclusions as to these three enumerations of error as contained in our original opinion and still find no prejudicial error.

As to the first enumeration of error exposited by McDonough, the rulings of the trial court prevented the joining of any real issue that the conditions precedent in this case (i.e., that payment would not be made until the work had been completed, a written acceptance of the work by an authorized party, and full payment for the work by the owner) had not been accomplished. McDonough was not required to offer evidence to show that these requirements were in fact conditions precedent, nor McLendon to show that they were not. Thus, these factual issues have never been resolved.

As established by the decision of the Supreme Court, the trial court erred in concluding that a mere general denial of the allegation that all conditions precedent had been performed constitutes an admission of performance of those conditions precedent. As noted in the opinion of the Supreme Court, the trial court admitted evidence of the non-performance of the conditions precedent. Under both Rule 15 (b) of the Federal Rules of Civil Procedure and Code Ann. § 81A-115 (b), this evidence received without objection amended the pleadings by operation of law.

Refusal to consider the evidence of the non-accomplishment of the conditions precedent and conclusions by the trial court that the appellant McDonough had admitted the performance of these conditions, constitutes prejudicial error and requires the judgment of the trial court in Case No. 54833 to be reversed and remanded for further consideration in light of this opinion.

Based upon the foregoing, the judgment in Case No. 54833 is reversed. Insofar as the judgment in Case No. 54832 dismissed the cause of action as against St. Paul, that portion of the judgment in Case No. 54832 is affirmed. Insofar as the trial court granted judgment in favor of Urban and denied McLendon a special lien against Urban's property, that portion of No. 54832 is reversed.

*Judgment reversed in Case No. 54833 and remanded. Judgment affirmed in part and reversed in part in Case No. 54832. Deen, P. J., and Webb, J., concur.*

DECIDED JANUARY 25, 1979 —
REHEARINGS DENIED FEBRUARY 22, 1979.

*Stokes & Shapiro, J. Ben Shapiro, Jr., David R. Hendrick, Sally A. Blackmun,* for appellant.

*Slutzky, Wolfe & Bailey, Stanley Slutzky, Danny C. Bailey, Jones, Bird & Howell, Arthur Howell, III,* for appellees.