59154, 59155. BROWN v. QUARLES (two cases).

SOGNIER, Judge.

The appellants, Charles E. Brown and his son, Charles R. Brown, brought separate actions in the State Court of Cobb County against Richard Lee Quarles. The claims arose out of an incident which took place in July, 1974 when Charles R. Brown and Quarles were involved in a collision. Charles R. Brown, then 16 years old, was riding a motorcycle owned by his father on a dirt trail. He passed a jeep driven by Quarles, and was struck from

behind by the jeep after he (Brown) pulled in front of it. Charles R. Brown thought this was an intentional act by Quarles and exchanged harsh words with him. Thereafter, Quarles and some of his friends allegedly assaulted Brown and left the scene. Subsequently, Charles R. Brown and his father took out criminal warrants against Quarles who was arrested and spent a night in jail. Quarles was indicted on October 24, 1974 for various crimes relating to the incident. On April 18, 1975 Quarles filed a demand for jury trial but was not tried during that term or the subsequent term. In July, 1975 the charges against him were dismissed. In April, 1978 Charles R. Brown and Charles E. Brown filed separate complaints against Quarles after voluntarily dismissing earlier complaints that had been filed. Charles R. Brown alleged negligence and claimed injuries to his person; Charles E. Brown alleged negligence and injuries to his property and medical expenses for his son. Quarles filed a counterclaim against both plaintiffs alleging malicious prosecution based on the dismissal in his favor of the criminal charges brought against him by the Browns. The jury returned a verdict in favor of Quarles and the Browns appeal.

1. Appellants contend that the trial court erred in failing to grant their motion to dismiss appellee's counterclaim based on the expiration of the statute of limitation. The statute of limitation for malicious prosecution is two years. *Davison-Paxon Co. v. Norton,* 69 Ga. App. 77, 80 (24 SE2d 723) (1943); *Bailey v. General Apt. Co.,* 139 Ga. App. 713 (229 SE2d 493) (1976). Criminal charges were brought against the appellee in 1974 and dismissed in his favor in July, 1975 after the state failed to prosecute following appellee's demand for trial. The statute of limitation on appellee's claim for malicious prosecution began to run in July, 1975 when he was completely discharged. It was not necessary that any formal order of discharge or acquittal be entered by the court at that time since appellee's discharge was automatic, by operation of law. *Collins v. Smith,* 7 Ga. App. 653 (67 SE 847) (1910); *Bishop v. State,* 11 Ga. App. 296, 297 (75 SE 165) (1912). Consequently, the statute of limitation on appellee's claim for malicious prosecution expired in July, 1977.

Quarles contends, and the trial court ruled, that appellants failed to properly raise the defense of the statute of limitation. We do not agree. Normally, the statute of limitation must be raised in a responsive pleading. Code Ann. § 81A-108 (c). In Georgia, however, there is no requirement that a party file an answer to a counterclaim. Code Ann. § 81A-107 (a). This court has held that an affirmative defense can be raised by motion (*Phillips v. State Farm*

*Mut. Auto. Ins. Co.,* 121 Ga. App. 342, 345 (173 SE2d 723) (1970)); this court has also held that the statute of limitation can be raised in a brief in opposition to a motion for summary judgment. *Fortier v. Ramsey,* 136 Ga. App. 203, 206 (220 SE2d 753) (1975). Here, the appellants, plaintiffs in the lower court, raised the statute of limitation defense in a written motion to dismiss at the close of their case. The better practice would have been to raise the defense in a responsive pleading or by motion prior to trial. While we do not approve of appellant's method of raising the defense, it cannot be said that he thereby waived it, especially where appellee was not unduly surprised or adversely affected by the timing of the motion. Code Ann. § 81A-112 (b) states "If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, he may assert at the trial any defense in law or fact to that claim for relief." Hence, it was error not to grant appellant's motion to dismiss the counterclaim.

2. Enumerations 2 and 7 are errors based on appellee's counterclaim and in view of our holding in Division 1, it is unnecessary to discuss them.

3. In Enumerations 3 and 5 appellants contend the trial court erred in refusing to instruct the jury, on request, as to punitive damages and evidence relating to value of the motorcycle. However, since the jury returned a verdict for the appellee and against appellants as to liability, any error with regard to instructions relating to damages is moot.

4. Enumeration 4 cites as error the admission of evidence of appellee's witness relative to Charles R. Brown's use of marijuana at the time of the incident. Appellant made no objection to this testimony at trial and it is well settled that this court will not consider questions raised for the first time on appeal. *Van Dyke v. Van Dyke,* 31 Ga. App. 67 (119 SE 436) (1923); *Foster v. Continental Cas. Co.,* 141 Ga. App. 415, 416 (233 SE2d 492) (1977).

5. Enumeration 6 cites as error the trial court's charge regarding emergency. Appellant failed to support this enumeration by citation of authority or argument. Therefore, the enumeration is abandoned. Rule 15 (c) (2), Rules of the Court of Appeals of Georgia, Code Ann. § 24-3615 (c) (2).

*Judgment reversed as to appellee's counterclaim; judgment affirmed as to the jury's verdict against plaintiffs' original claim. Deen, C. J., and Birdsong, J., concur.*

Submitted January 11, 1980 — Decided April 15, 1980.

*H. Darrell Greene,* for appellant.

*A. Harris Adams,* for appellee.