## 60052. WHELCHEL v. SMITH.

McMurray, Presiding Judge.

This action is predicated upon an alleged oral contract. The parties are two doctors of chiropractic. The plaintiff alleges he entered into an agreement with defendant under which the plaintiff would provide to the defendant the use of his office, facilities and equipment; and defendant would pay plaintiff 35% of the gross income made by defendant for services rendered defendant's patients while he practiced chiropractic at plaintiff's office. This action is for plaintiff's percentage of certain cash receipts and accounts receivable arising from services defendant performed for his patients at plaintiff's office.

After trial before the court without the intervention of a jury, the trial court entered its findings of fact and conclusions of law and entered judgment thereon in favor of plaintiff. Defendant's motion for new trial was filed and denied. Defendant appeals. *Held:*

1. Most of the sum for which plaintiff sues is a percentage of defendant's accounts receivable, outstanding charges for services performed by defendant for his patients at plaintiff's office. Several of defendant's contentions are predicated upon the supposition that this is an action for money had and received and that, as there is no evidence of defendant's having actually collected the accounts receivable, the judgment which includes plaintiff's percentage thereof is unsupported by the evidence.

However, the plaintiff has presented ample evidence that under the terms of the agreement between the parties plaintiff's right to payment vested from the time the accounts receivable were created so that collection of these accounts receivable was not under the terms of the contract of the parties, a condition precedent to plaintiff's right to receive his percentage of defendant's gross earnings. This evidence of plaintiff received without objection amended the pleadings by operation of law. *McLendon Elec. Co. v. McDonough Const. Co.,* 149 Ga. App. 115, 117 (253 SE2d 772). Although defendant presented conflicting evidence, the trial court's findings of fact reflect acceptance of plaintiff's evidence. Defendant's premise upon which these several arguments rest is incorrect.

2. Plaintiff presented as his witness his attorney and trial counsel. When counsel attempted to testify as to an examination he had made of the accounts and records of both parties, defendant objected, arguing that proper foundation had not been demonstrated as to his knowledge or experience in reviewing such records. A colloquy ensued, and the witness' attempt to testify as to funds actually received by the defendant was excluded as irrelevant.

Therefore, defendant's contention before this court predicated upon the erroneous supposition that plaintiff's counsel was permitted to testify as to these matters is meritless. Plaintiff's counsel was merely permitted to make a proffer as to what his testimony would have been, but this statement was not admitted into evidence. The court stated: "I will separate the wheat from the chaff." This enumeration of error is without merit.

3. Although the evidence presented by the parties was conflicting as to the terms of their agreement, there was ample evidence presented by the plaintiff to show every necessary essential of a valid contract. See Code § 20-107. The trial court having accepted the plaintiff's evidence and that evidence being sufficient to show a valid and complete contract, the trial court was authorized to enter its judgment in favor of the plaintiff. *Guardian of Ga., Inc. v. Granite Equip. Leasing Corp.,* 130 Ga. App. 514, 515 (1) (203 SE2d 733); *Gant, Inc. v. Citizens & Southern National Bank,* 151 Ga. App. 212, 215 (1) (259 SE2d 485).

4. Defendant's remaining enumeration of error relates to certain of defendant's evidence which was not admitted and considered by the trial court acting as a finder of fact. Defendant has failed to comply with Rule 15 (c)(1) (Code Ann. § 24-3615 (c)(1)) of this court by numbering his brief correspondingly to his enumeration of errors. However, after a careful review of defendant's entire brief we find no argument or citation of authority relevant to this enumeration of error. In view of the failure to provide argument or citation of authority in support of the enumeration of error it must be deemed abandoned. *Stanfield v. Smith,* 152 Ga. App. 22, 23 (4) (262 SE2d 216). See Rule 15 (c)(2) (Code Ann. § 24-3615 (c)(2)) formerly Rule 18 (c)(2) (Code Ann. § 24-3618 (c)(2)).

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED JUNE 5, 1980 — DECIDED SEPTEMBER 9, 1980 —
REHEARING DENIED SEPTEMBER 30, 1980 —

*J. L. Jordan,* for appellant.
*Paul M. Hoffman,* for appellee.