## 62024. BLACK et al. v. LOWRY.

QUILLIAN, Chief Judge.
Appellee, an architect, brought this action on open account against Black and Barnum individually, and jointly doing business as a partnership called Phoenix Venture, for services rendered. Barnum died before he could be served and in due course his administrator was added as a defendant. After a non-jury trial judgment was

entered for appellee against all defendants. Upon denial of a motion for a new trial this appeal was taken. *Held:*

1. Prior to and during trial the issue of the statute of limitation was not raised by the pleadings or otherwise. Trial was held and concluded on September 15, 1980, but the trial court did not announce its judgment at that time. On September 17 appellant Black moved to amend his defensive pleadings to raise the statute of limitation. On October 3, the trial court issued its judgment in an order relating factual findings and conclusions of law which found that the motion to amend raising the statute of limitation was filed after the case was concluded and was too late. In several enumerations appellants claim the trial court erred in making this finding, and in granting appellee's claim which would have been barred by the four-year statute of limitation.

"Unless the defense of the statute of limitation is pleaded affirmatively by a defendant, it is waived. *Young v. Bozeman,* 229 Ga. 195, 204 (190 SE2d 523) (1972). The affirmative defense may be raised by amendment. *Security Ins. Co. v. Gill,* 141 Ga. App. 324. However, after the entry of a pre-trial order, '[a] party may amend his pleading only by leave of court or by written consent of the adverse party.' CPA § 15 (a) (Code Ann. § 81A-115 (a); . . .

"In considering belated motions to amend pleadings, the trial judge must freely allow amendment 'when justice so requires.' CPA § 15 (a), supra. In exercising this discretion, the judge should balance possible prejudice to the nonmoving party with the moving party's reason for delay." *Leslie, Inc. v. Solomon,* 141 Ga. App. 673 (1), 674 (234 SE2d 104).

"The reasonable intendment of . . . (Code Ann. § 81A-115) . . ., is that after the time for a pre-trial conference has passed and neither the court nor the parties have insisted upon the entry of a pre-trial order and no such order is entered, pre-trial proceedings end with the commencement of the trial proper and the taking of evidence. The unfettered right to amend ceases and a party may amend his pleading only by leave of court or by the consent of the adverse party." *McLendon &c. Co. v. McDonough &c. Co.,* 145 Ga. App. 137 (1), 140 (243 SE2d 537), reversed on other grounds, 242 Ga. 510 (250 SE2d 424), opinion modified, 149 Ga. App. 115 (253 SE2d 772).

When appellant Black moved to amend his answer the trial court did not grant the required leave to do so, and his pleadings accordingly were not amended to raise the statute of limitation. Moreover, even assuming, without deciding, that the trial court had discretion to grant leave to raise the defense after the trial, it would have been error under the circumstances. Suit on open account was filed in January, 1978. A four-year statute of limitation applies to

such suits. Code Ann. § 3-706. Trial was held in September, 1980. In the long interval between commencement of the suit and trial appellants made no attempts at discovery. Appellee's requests for admissions provided numerous documents showing that the amount claimed arose prior to January, 1974 and might be barred by the statute of limitation. During trial similar evidence was produced, which appellants claim was their first notice of the possible defense of the statute of limitation. Had appellants so moved during trial, the trial court had discretion to grant leave to amend their pleadings to raise the defense. See *Lanier Petroleum v. Hyde,* 144 Ga. App. 441 (2) (241 SE2d 62). However, the record and transcript show no effort to raise this defense by any means during trial.

"When considering whether 'justice so requires' the appellants' amendment, the trial judge would have to take into consideration the (long) period for discovery and the appellants' extensive discovery from appellees (and) . . . the testimony which allegedly caused appellants to discover their statute of limitation defense was not novel, but was substantially repetitive of the deposition testimony. Thus, the appellants' delay in asserting their defense was inexcusably long, and the trial judge would have abused his discretion to allow the amendment." *Leslie, Inc. v. Solomon,* 141 Ga. App. 673, 675, supra.

*Brown v. Quarles,* 154 Ga. App. 350 (1) (268 SE2d 403), is cited by appellants. In that case it was held that the statute of limitation may be raised as a defense to a counterclaim by motion at trial. It is distinguishable factually from the instant case, in which there was no motion to raise the statute during trial but a motion to amend appellants' answer pleading the statute after trial. In addition, in *Brown v. Quarles,* the statute of limitation was permitted to be raised by motion during trial because, among other reasons, a counterclaim does not require a responsive pleading and Code Ann. § 81A-112 (b) permits the assertion at trial of any defense if the adverse party is not required to file a responsive pleading.

Accordingly, because appellants did not properly raise the defense of the statute of limitation it was waived, and the trial court did not err in finding that appellee's claim was not barred for that reason.

2. We agree with appellants that some of appellee's testimony concerning his communications with the now deceased partner Barnum could not be considered by the trial court because it falls within the ambit of former Code Ann. § 38-1603 (Ga. L. 1866, pp. 138, 139 through 1963, Nov. Sess., pp. 319, 320), the so-called dead man's statute. It provided that where a suit was defended by partners, the opposite party shall not be admitted to testify in his own favor as to transactions or communications solely with a deceased partner.

Although this statute was repealed in 1979, it is applicable to this case which arose prior to the repeal. Ga. L. 1979, p. 1261.

However, the testimony of appellee that he performed services of a certain value for Phoenix Venture, a partnership formed by Black and Barnum, that he prepared and sent billings for his services to the partnership address, and the copies of those billings and a letter from the partnership asking appellee to verify the amount of his account, are not excludable from evidence under former Code Ann. § 38-1603, as they were transactions with the partnership and not solely with the deceased partner Barnum.

" 'Where a case is tried before a judge without a jury, it is presumed that judgment was rendered only upon the competent and legal evidence before him; consequently, if illegal evidence was admitted, it does not require a new trial.' [Cits.]" *Citizens &c. Bank v. Morris &c. Corp.,* 243 Ga. 169 (2), 170 (253 SE2d 89).

3. Appellants also assert the general grounds. Appellee's evidence through his own testimony and documents showed that he personally performed services for the Phoenix Venture partnership, billed for his services and had been paid for a portion thereof, and claimed a balance owing of the amount of the judgment. Appellants' evidence through appellant Black did not deny that appellee had performed services for the partnership but claimed that appellee had done some of the work for Barnum individually, and that not all of the amount claimed was an obligation of the partnership. This conflicting evidence was resolved by the trial judge in favor of appellee, and we find the judgment was not clearly erroneous. Code Ann. § 81A-152 (a) (Ga. L. 1969, pp. 645, 646; 1970, pp. 170, 171).

4. The remaining errors enumerated are not meritorious.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JUNE 24, 1981.

*Eugene R. Simons,* for appellants.
*Raoul Lerow,* for appellee.