62114. HAWKINS v. UPM, INC.

McMURRAY, Presiding Judge.

This is a suit on account. Defendant was in business in a sole proprietorship form as a wholesaler of equipment used in customizing vans. Plaintiff brought this action on account for goods sold and delivered seeking a judgment for the amount allegedly owed on the account of $22,567, plus interest and attorney fees of $3,385.05. Defendant answered, denying the debt and raising the defense of failure of consideration.

At the trial plaintiff's evidence was that $22,567 worth of merchandise had been shipped to defendant upon defendant's order but that no amount of this balance owing had been paid. Defendant's evidence was that a substantial portion of the merchandise was

received in a damaged condition due to improper packaging for shipment. Defendant was unable to testify as to exactly what portion of the merchandise was received in a damaged condition.

At the close of all the evidence the plaintiff moved for directed verdict which the trial court granted as to the issue of liability. The issue of damages was submitted to the jury which returned a verdict in the amount of $22,567 plus attorney fees in the amount of $1,380 and interest in the amount of $3,269.91. Judgment was entered for a total $27,216.91.

Defendant appeals, enumerating as error the trial court's grant of a partially directed verdict as to liability in favor of plaintiff and in commenting to the jury on "the never ending increase of litigation in this county." *Held:*

1. Defendant enumerates as error the action of the trial court in directing a verdict as to liability in favor of plaintiff. The effect of this directed verdict was to preclude a verdict in favor of defendant and required that the jury return a verdict in some amount for the plaintiff. This action was consistent with the uncontradicted evidence that defendant had accepted unconditionally some portions or commercial units of the goods which he had received. See in this regard Code Ann. § 109A-2—601 (c) (Ga. L. 1962, pp. 156, 212). As to these goods which had been unconditionally accepted, the defendant-buyer was obligated to pay at the contract rate. Code Ann. § 109A-2—607 (1) (Ga. L. 1962, pp. 156, 215).

The trial court in granting a directed verdict as to liability in favor of plaintiff did not preclude the application of the various sections of Code Ann. Ch. 109A-2 (Ga. L. 1962, pp. 156, 171, as amended), to the issue of the amount of damages. The jury was charged as to various issues arising under Code Ann. Ch. 109A-2 (UCC, Art. 2, Sales) and these issues were submitted to the jury for their determination in the light of the evidence presented at trial. These issues related only to the amount of damages, however, and not to the question of liability as defendant's liability in some amount had been established by uncontradicted evidence. Compare *Spencer v. Dupree,* 150 Ga. App. 474, 476 (2) (258 SE2d 229).

As to the defense of failure of consideration or partial failure of consideration the record contains insufficient evidence to allow a determination of the alleged setoff. Defendant, although testifying as to a substantial number of items of merchandise involved being damaged never provided any evidence sufficiently specific to permit a jury to calculate the value of the alleged damaged goods. In the absence of evidence sufficient to permit a determination of the alleged failure of consideration there is no defense proven. See such cases as *Walter E. Heller & Co. v. Aetna Business Credit, Inc.,* 151 Ga.

App. 898, 902 (4) (262 SE2d 151), and cits.

2. Defendant's second enumeration of error complains of the trial court's remark to the jury regarding "the never ending increase of litigation in this county." Defendant made no objection to this remark at trial. A party may not remain silent while error, if any, is committed and then assert the alleged error for the first time on appeal. No objection having been made in the trial court, no issue is presented for consideration on appeal. *Brown v. Quarles,* 154 Ga. App. 350, 352 (4) (268 SE2d 403), and cits.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED JULY 9, 1981.

*Al Johnson, Mike Treadaway,* for appellant.
*R. Dennis Withers, J. Robert Persons,* for appellee.