## A92A1171. BLALOCK v. ANNEEWAKEE, INC. et al.
### (426 SE2d 165)

COOPER, Judge.

This appeal arises from an action for damages resulting from alleged tortious acts which occurred while appellant was a student at Anneewakee, a youth treatment and educational center. In his complaint, appellant also alleged violations of the Georgia Racketeer Influenced & Corrupt Organizations Act ("RICO") and requested treble

damages under OCGA § 16-14-6 (c). In the first amendment to his complaint, appellant further alleged that appellees were liable for breach of fiduciary duty. Appellees, Anneewakee, Inc. and Anneewakee Foundation, Inc.,[1] are Georgia corporations created specifically for the operation of the youth treatment center known as Anneewakee. Appellees moved for summary judgment on the grounds that appellant's claims were barred by either the two-year statute of limitation applicable to actions for personal injury (OCGA § 9-3-33) or the five-year statute of limitation for RICO claims (OCGA § 16-14-8) and that appellees do not constitute an "enterprise" within the meaning of the RICO statute. Appellant subsequently filed a second amendment to his complaint, alleging that appellees were guilty of fraud by representing that appellant would receive psychological counseling and educational assistance while enrolled at Anneewakee. The trial court granted appellees' motion for summary judgment and this appeal followed.

1. Appellant first contends that the trial court erred in granting summary judgment to appellees on the ground that his RICO action was barred by the statute of limitation. OCGA § 16-14-8 provides: "Notwithstanding any other provision of law, a criminal or civil action or proceeding under this chapter may be commenced up until five years after the conduct in violation of a provision of this chapter terminates or the cause of action accrues." OCGA § 9-3-90 (a) entitles persons who are minors when the cause of action arises to bring an action within the same statute of limitation after reaching the age of majority. The age of majority in Georgia is 18. OCGA § 39-1-1 (a). The record reflects that appellant was a student at Anneewakee between 1972 and 1975; that appellant was 13 years of age when he was discharged from Anneewakee; that appellant attained the age of 18 on August 15, 1981; and that appellant did not file his lawsuit until July 9, 1990. Appellant alleged in his complaint that during his enrollment between 1972 and 1975, he was sexually and physically abused. He argues that OCGA § 16-14-8 should be construed such that the statute of limitation does not begin to run until the racketeering activity terminates or its purpose is accomplished, which, appellant argues, is when a criminal prosecution or civil action is brought by the State against the alleged violators. Appellees contend that the statute should be construed to mean that the limitation period begins when the cause of action accrues, which is when the plaintiff learns of his injury or reasonably should have learned of his injury. We acknowledge that the Georgia RICO statute is considerably broader than the

---

[1] Although designated in the complaint as separate defendants, appellees are actually a single corporate entity identified as Anneewakee, Inc., formerly known as Anneewakee Foundation, Inc.

federal RICO statute and that federal circuit court opinions regarding the federal statute, while instructive, do not control our construction or application of the Georgia RICO statute. *Dover v. State*, 192 Ga. App. 429 (1) (385 SE2d 417) (1989). Although we have found no Georgia cases which address when the statute of limitation for civil RICO actions begins to run, we are guided by several federal decisions which have considered the question. See, e.g., *Agency Holding Corp. v. Malley-Duff & Assoc.*, 483 U. S. 143 (107 SC 2759, 97 LE2d 121) (1987); *Bivens Gardens Office Bldg. v. Barnett Bank of Fla.*, 906 F2d 1546, 1554-1555 (11th Cir. 1990). We do not agree with appellant's argument that the legislature intended that the statute of limitation begin to run from the time that the racketeering activity terminates. We conclude that the more reasonable construction of OCGA § 16-14-8 is that the statute of limitation begins to run when the civil RICO cause of action accrues, which we interpret to mean when the plaintiff discovers, or reasonably should have discovered, that he has been injured and that his injury is part of a pattern. *Bivens*, supra at 1554-1555. Appellant had his last contact with Anneewakee in 1975 and reached the legal age of majority in 1981. We conclude that by 1981, appellant should have been aware that the physical and sexual abuses he was subjected to over the course of his three-year stay at Anneewakee were part of a pattern of unlawful behavior by the operators of Anneewakee. Consequently, we find no error in the trial court's grant of summary judgment to appellees on the grounds that appellant's RICO claim was barred by the statute of limitation.

2. Appellant also argues that his fraud claim was not barred by the statute of limitation. "Where . . . there is an allegation of fraud . . . , the statute of limitations is tolled until such time as the fraudulent conduct was discovered, or by exercise of due diligence ought to have been discovered. [Cits.]" *Dunn v. Towle*, 170 Ga. App. 487, 488 (2) (317 SE2d 266) (1984). "However, '(t)he statute of limitation does not cease to run due to . . . alleged fraudulent concealment.' [Cit.] 'The fraud which will relieve the bar of the statute of limitation must be of that character which involves moral turpitude, and must have the effect of debarring or deterring the plaintiff from his action.' [Cits.]" *Kilby v. Shepherd*, 177 Ga. App. 462, 463 (339 SE2d 742) (1986). Appellant contends that he did not discover appellees' misrepresentations about the quality of education and counseling he received at Anneewakee until he obtained, through discovery, a falsified document relating to counseling appellant received at Anneewakee. Appellant's deposition testimony reflects that appellant was aware of improper sexual conduct by Anneewakee staff during the time that he was a student there and also that appellant was aware that he did not receive a full three-years worth of education during his three-year enrollment at Anneewakee. Even assuming arguendo that appellant had

no knowledge of the misrepresentations regarding the quality of his education at Anneewakee until the commencement of his lawsuit, we find no evidence which raises a genuine issue of fact as to the existence of fraud which would toll the statute of limitation. " ' "(I)t is well to remember that the fraud in question is not that which gives, but that which conceals a cause of action." ' [Cit.] ' "To constitute concealment of a cause of action so as to prevent the running of limitations, some trick or artifice must be employed to prevent inquiry or elude investigation, or to mislead and hinder the party who has the cause of action from obtaining information, and the acts relied on must be of an affirmative character and fraudulent." ' [Cit.]" *Kerce v. Bent Tree Corp.*, 166 Ga. App. 728, 729 (305 SE2d 462) (1983). We find no evidence that appellees' actions were such as to prevent appellant from inquiring into or investigating the nature of the education he received at Anneewakee. Accordingly, we find no error in the trial court's grant of summary judgment to appellees on appellant's fraud claim.

3. In light of our holding in Division 1 that appellant's RICO claim is barred by the five-year statute of limitation, it is unnecessary to consider appellant's remaining enumeration of error concerning whether a RICO defendant can also be the enterprise for purposes of a violation under the RICO statute.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 14, 1992 —
RECONSIDERATION DENIED DECEMBER 9, 1992

*Lovett & Hicks, L. Robert Lovett, William E. Hicks,* for appellant.

*Long, Weinberg, Ansley & Wheeler, Joseph W. Watkins, Debra E. Levorse,* for appellees.