A94A0200. VADNER v. DICKERSON.
(441 SE2d 527)

ANDREWS, Judge.

Vadner sued Dickerson contending he maliciously prosecuted a felony charge against him in Fulton County for allegedly writing a bad check in violation of OCGA § 16-9-20. The trial court granted Dickerson's motion for summary judgment on the basis that the criminal prosecution had not terminated in Vadner's favor. Vadner appeals from the grant of summary judgment.

Termination of the underlying criminal prosecution in favor of the plaintiff-accused is an essential element of a claim for malicious prosecution. *McCord v. Jones*, 168 Ga. App. 891, 892-893 (311 SE2d 209) (1983). The trial court found the magistrate court judge dismissed the criminal warrant because "the prosecution was being prosecuted in the wrong county." Based on this finding, the trial court concluded Dickerson was entitled to summary judgment because the prosecution had not terminated in Vadner's favor.[1] Vadner argues on appeal that dismissal of the warrant on the basis of improper venue was a termination of the criminal prosecution in his favor sufficient to support his cause of action for malicious prosecution.

The magistrate court's dismissal of the criminal warrant on jurisdictional grounds for lack of proper venue was without prejudice to

---

[1] Although Vadner agrees the underlying criminal charges were dismissed on jurisdictional grounds for improper venue, he also contends the magistrate court found a lack of probable cause. There is no support in the record for the latter contention.

subsequent recommencement of the prosecution before a court having proper jurisdiction. See Uniform Magistrate Rule 18. "[I]f a criminal prosecution has been dismissed with no intention of commencing it again, or if delay has been made in commencing the prosecution again, so as to lead the accused to believe that it has been finally terminated, and if he then and at once commences his action for a malicious prosecution, he might probably maintain the same. But, in all reason, he should not be allowed to maintain such an action when substantially the same criminal prosecution as the one upon which he founds his action is still in the courts undisposed of." *Hartshorn v. Smith*, 104 Ga. 235, 237 (30 SE 666) (1898). In other words, if a criminal warrant is dismissed without prejudice on jurisdictional grounds and the prosecutor with due diligence reinstitutes the prosecution in a court having proper jurisdiction to try the case on its merits, this amounts to a continuation of the original prosecution. See *Bailey v. General Apartment Co.*, 139 Ga. App. 713, 714 (229 SE2d 493) (1976); Restatement Torts, 2d, § 660 (d), comment g.[2] However, if the prosecutor does not diligently take action to recommence the prosecution, it may be considered terminated in favor of the accused by reason of voluntary abandonment by the prosecutor. See *Laster v. Star Rental*, 181 Ga. App. 609 (353 SE2d 37) (1987).

Here, the affidavit supporting the arrest warrant states the felony bad check offense was committed on March 1, 1990, so the prosecution could be brought in a proper court within four years from that date. OCGA § 17-3-1 (c). It appears the magistrate court dismissed the warrant in February 1992, and Vadner filed his malicious prosecution action in November 1992. In June 1993, Dickerson moved for summary judgment on the basis that the criminal prosecution had not terminated in favor of Vadner. Dickerson's motion was not supported by affidavit or any other evidence showing that the prosecution had been reinstituted or was otherwise not abandoned. Compare *Bennett v. Fine Jewelers &c.*, 194 Ga. App. 377, 379 (390 SE2d 625) (1990). Although the dismissal of the warrant without prejudice for lack of venue was not a conclusive termination of the prosecution, under these circumstances it constituted prima facie evidence that the prosecution had terminated in favor of Vadner by reason of the prosecutor's voluntary abandonment. See *Bailey*, supra at 715. The burden thus shifted to Dickerson to show in support of his motion that the prosecution had not ended. See *Ayala v. Sherrer*, 234 Ga. 112, 117 (214 SE2d 548) (1975). Given the lack of any evidence that the prose-

---

[2] Even when a committing court dismisses a warrant on the merits, this does not necessarily terminate the prosecution, since it does not bar a subsequent indictment and trial of the accused on the same offense within the applicable statute of limitation. *Wells v. Stynchcombe*, 231 Ga. 199, 201 (200 SE2d 745) (1973).

cution had been reinstituted or was otherwise not abandoned, the trial court erred by granting Dickerson's motion and dismissing the action.[3]

*Judgment reversed. Beasley, P. J., and Johnson, J., concur.*

DECIDED MARCH 2, 1994.

*Alan C. Manheim, Lewis P. Perling*, for appellant.
*Dow, Lohnes & Albertson, Thomas M. Clyde, Mark Ford*, for appellee.

---

[3] We note that even if Dickerson had shown the prosecution was not ended, dismissal without prejudice pursuant to OCGA §§ 9-11-12 (d) and 9-11-43 (b) rather than summary judgment would have been the appropriate procedure. The defense that the prosecution has not terminated is one in abatement since the prosecution may subsequently terminate in favor of the accused. *Primas v. Saulsberry*, 152 Ga. App. 88, 89 (262 SE2d 251) (1979). Moreover, a malicious prosecution action brought prior to final termination of the underlying criminal offense remains subject to the peril of dismissal for lack of termination if the prosecution is subsequently recommenced prior to expiration of the statute of limitation for the offense. *Ayala*, supra at 115, n. 1.