A96A2530. WATERS v. WALTON.
(483 SE2d 133)

SMITH, Judge.

In April 1992 a criminal arrest warrant was issued and executed against Charles Waters for the offense of trafficking in cocaine. On May 18, 1992, the warrant was dismissed by the Chief Magistrate of Columbia County at the request of the Sheriff's Department. In February 1996, Waters filed this action against Berry Walton as administrator of the estate of Bryant Walton for malicious prosecution, false arrest, and false imprisonment. Waters alleged that Bryant Walton caused his arrest by planting the cocaine in his automobile and supplying false information to law enforcement authorities. The trial court granted summary judgment to Walton on the ground that Waters's claims were barred by the two-year statute of limitation applicable to injuries to the person. OCGA § 9-3-33. This appeal

ensued.[1] We agree with the trial court's conclusion and affirm.

A malicious prosecution action must be brought within two years after termination of the underlying prosecution in plaintiff's favor. *Daniel v. Ga. R. Bank &c. Co.*, 255 Ga. 29, 31 (334 SE2d 659) (1985). Dismissal of an arrest warrant by a magistrate, either with or without the consent of the prosecutor, "constitute[s] termination of the prosecution favorable to the plaintiff." *Ayala v. Sherrer*, 234 Ga. 112, 117 (214 SE2d 548) (1975).[2] Here, the prosecution against Waters terminated in his favor on May 18, 1992, when the magistrate dismissed the arrest warrant. The State did not reinstitute further proceedings against Waters. He filed this action in February 1996, outside the two-year limitation period, and this action for malicious prosecution is thus barred.

Waters urges us to adopt a new rule, however, that even when a criminal action has been favorably terminated by dismissal, an action for malicious prosecution may be brought within two years of the expiration of the statute of limitation on the underlying criminal charge. Under this argument, Waters would have been entitled to bring his action within six years of the April 1992 incident — two years after the expiration of the four-year statute of limitation on the criminal charge.

It is true, as argued by Waters, that a magistrate's dismissal does not bar a further criminal action. *Ayala*, supra at 115, n. 1. See also *Vadner v. Dickerson*, 212 Ga. App. 255, 257, n. 3 (441 SE2d 527) (1994) (action for malicious prosecution brought within two years of dismissal of the warrant subject to defeat by further action on the criminal charge). Because a criminal action may be reinstituted despite dismissal, Waters maintains that the prosecution was not "conclusively" terminated until expiration of the statute of limitation and that a person wrongfully arrested cannot safely bring a malicious prosecution action until the criminal charge against him is barred by the statute of limitation. He contends that this result "is particularly true under the factual circumstances of this case [since he] was the victim of an informant of the FBI, whose identity is unavailable until that agency chooses to release it."

These arguments are unconvincing. We first note that Waters

---

[1] Although Waters enumerated as error the grant of summary judgment with regard to the entire action, he cites no authority and makes no argument in his brief concerning the claims of false arrest and false imprisonment. Because enumerations not supported in the brief are deemed abandoned, Court of Appeals Rule 27 (c) (2), we consider here only the grant of summary judgment with regard to the malicious prosecution claim.

[2] We recognize that the holding in *Ayala* "is subject to the defendant's right to show that in fact the prosecution has not ended." *Ayala* at 117. Walton, however, does not make this argument but instead correctly contends that the prosecution did in fact terminate in Waters's favor.

produced no evidence that Walton's identity was unavailable until after the expiration of the statute of limitation. Second, although a prosecution *may* be reinstituted after dismissal of a warrant, the law is well settled that a magistrate's dismissal is prima facie evidence that the prosecution terminated favorably to the accused, subject to the opposing party's burden to show that the prosecution did not in fact so terminate. See generally *Vadner*, supra at 256.

On motion for summary judgment, Walton submitted evidence that on May 15, 1992, approximately a month after Waters's arrest, Captain Adams of the Columbia County Sheriff's Department sent a letter to the Columbia County Chief Magistrate. The letter recited that the informant who provided the department with information leading to Waters's arrest "could possibly have planted the drugs in Mr. Waters' vehicle" and that "an interview of the informant had verified this fact." Based on this information, Adams requested that the warrant be dismissed, and it was dismissed three days later. Although the letter recited that an investigation continued and that "charges against the informant and any other parties involved will be forthcoming," Adams testified via affidavit that this investigation was "an investigation of the alleged informant and others. It was not an investigation of Charles Wendall Waters." In opposition to the motion, Waters presented no evidence that the investigation against him continued or that he was again charged with the offense of trafficking in cocaine. Although a prosecution *could* have been reinstituted against Waters, none was forthcoming, and Waters even concedes in his appellate brief that no charges were made against him before expiration of the applicable statute of limitation. Waters failed to meet his burden of showing that the prosecution did not in fact terminate against him by the reinstitution of further investigation or prosecution. The prosecution against Waters therefore terminated in May 1992, when the magistrate dismissed the criminal warrant, and Waters was required to file this action within two years of that date.

Essentially, Waters argues that the dismissal somehow did not terminate the action in his favor and that the action was conclusively terminated in April 1996 only after expiration of the statute of limitation. But if we were persuaded by this argument, Waters's claim was premature. He filed it in February 1996, before the limitation period expired. Under Waters's theory, he filed his complaint before the action terminated favorably to him, and his claim for malicious prosecution was subject to dismissal. See *Vadner*, supra, 212 Ga. App. at 257, n. 3. The trial court did not err in granting Walton's motion for summary judgment.

*Judgment affirmed. Andrews, C. J., and Pope, P. J., concur.*

DECIDED MARCH 4, 1997.

*Groover & Childs, Denmark Groover, Jr., Christopher G. Nicholson*, for appellant.

*William C. Calhoun, Thomas W. Tinley III*, for appellee.