**FIRST DIVISION**
**DOYLE, C. J.,**
**ANDREWS and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 18, 2017**

# In the Court of Appeals of Georgia

A16A2074. GLOCK, INC. et al. v. HARPER.
A16A2075. HARPER v. GLOCK, INC. et al.

ANDREWS, Presiding Judge.

James Harper III filed this action on September 14, 2015, asserting malicious prosecution and Georgia RICO claims against Glock, Inc., Consultinvest, Inc., and several lawyers associated with those companies. On May 6, 2016, the trial court granted the defendants' motion to dismiss the malicious prosecution claim based on the applicable statute of limitation, but denied their motion to dismiss the RICO claims. We granted this interlocutory appeal from that denial, and Harper cross appealed from the dismissal of his malicious prosecution claim.

Harper alleged that from 2000 to 2003 he performed investigative services for Gaston Glock, Glock, Inc., and Consultinvest, regarding the management, control,

and location of business assets. Harper claimed that during the investigation, he uncovered schemes to skim profits and conceal financial information from various taxing authorities, and evidence of some questionable gun sales, which formed the basis of his RICO claims.

Things went sour between Harper and the others in 2003, ending up with Harper claiming Glock owed him for unpaid fees and expenses arising from the investigation, and with Glock and the others claiming Harper converted a large sum of money. In 2007 and 2008 Harper became the target of a police investigation over the Glock allegations about Harper, which culminated in Harper's indictment on January 21, 2010.

1. In the indictment, Harper was charged with violating Georgia's RICO statute and several counts of theft. That prosecution terminated on March 14, 2013, when the State filed a nolle prosequi. That terminated prosecution formed the predicate for Harper's malicious prosecution claim filed on September 14, 2015.

Because Harper's action was filed more than two years after the termination of the prosecution, the trial court dismissed the malicious prosecution claim as barred by the statute of limitation. In Case No. A16A2075, Harper contends the two-year limitation period did not begin to run until six months after the nolle prosequi because

2

the State could have re-indicted him during that period of time, and thus his complaint was not time-barred. However, this Court specifically rejected that contention in *Bailey v. Gen. Apt. Co.,* 139 Ga. App. 713, 715 (229 SE2d 493) (1976):

> [T]he filing of a nolle prosequi by the prosecutor and dismissal of the action by the trial court constitutes prima facie a termination of the prosecution in favor of the person arrested. Such a termination is sufficient to commence the running of the statute subject to the right of the state to reinstate the action within the six-month period. Since no further action was taken in this case by the state to reinstate the indictment, the original nolle prosequi progressed from a prima facie termination of the action to an irrebuttable conclusion of finality.

Accordingly, the trial court properly dismissed Harper's claim for malicious prosecution as barred by the two-year statute of limitation.

2. In his complaint, Harper alleged that Glock and the other defendants repeatedly carried out the illegal activities at least from August 2002 continuing up to March 15, 2013. In Case No. A16A2074, the Glock defendants contend the trial court erred in denying their motion to dismiss Harper's civil RICO claims based on the statute of limitation. We agree.

OCGA § 16-14-8 provides a five-year statute of limitation for a civil action brought for RICO violations. That statute was revised, effective July 1, 2015, to

3

provide that a civil action "shall be commenced up until five years after the conduct in violation of a provision of this chapter terminates." Before that revision, OCGA § 16-14-8 provided that such a civil action had to be brought within five years after the conduct terminated "or the cause of action accrues."

Regarding the pre-July 1, 2015 version of OCGA § 16-14-8, this Court determined that "the statute of limitation begins to run when the civil RICO cause of action accrues, which we interpret to mean when the plaintiff discovers, or reasonably should have discovered, that he has been injured and that his injury is part of a pattern." *Blalock v. Anneewakee, Inc.*, 206 Ga. App. 676, 678 (426 SE2d 165) (1992). The pattern discovery element has since been questioned, but otherwise *Blalock* stated the proper application of the civil RICO statute of limitation prior to the July 1, 2015 revision. See *Southern Intermodal Logistics v. D. J. Powers Co.*, 251 Ga. App. 865 (555 SE2d 478) (2001).

It is undisputed that Harper's civil RICO claims accrued more than five years before the July 1, 2015 revision of the statute of limitation and thus would be time-barred under the pre-July 1, 2015 statute. But the trial court found that the revised statute should be retroactively applied and thus revived Harper's claims.

4

In *McNeal Constr. Co. v. Wilson*, 271 Ga. 540, 543 (522 SE2d 222) (1999), the Supreme Court held that a newly amended statute of limitation may be retroactively applied to allow an action that was barred under the previous statute only "when the language imperatively requires it, or when an examination of the act as a whole leads to the conclusion that such was the legislative purpose." (quoting *Brown v. Brown*, 269 Ga. 724, 726 (506 SE2d 108) (1998). In the instant case, the statute certainly contains no language imperatively requiring retroactive application of the revised limitation period, and nothing in the act as a whole demands a conclusion that the legislature intended such. Accordingly, the trial court should have dismissed Harper's civil RICO claims as barred by the pre-July 1, 2015 limitation period.

*Judgment reversed in Case No. A16A2074. Judgment affirmed in Case No. A16A2075. Doyle, C. J., and Ray, J., concur.*