**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.***

**October 25, 2021**

# In the Court of Appeals of Georgia

A21A0898. MCARTHUR et al. v. BEECH HAVEN BAPTIST CHURCH OF ATHENS et al.

REESE, Judge.

This appeal encompasses two orders dismissing three churches — Green Acres Baptist Church, Beech Haven Baptist Church of Athens, and First Baptist Church of Athens — from lawsuits brought by six plaintiffs alleging sexual abuse. The plaintiffs alleged that they were abused by two scoutmasters from the Boy Scouts of America, whose troop meetings were hosted on the churches' property, from the 1950s to the 1980s. The trial court found, among other things, that the plaintiffs' claims were time-barred and that they failed to state a claim for a public nuisance. For the reasons set forth infra, we affirm.

Viewing all well-pled allegations in the complaint as true,[1] the record shows the following. Ernest Boland was a scoutmaster at the three Athens-based churches from 1950 until 1977. The complaints alleged that Boland abused William Doe while he was a member of a boy scout troop at First Baptist Church in the 1950s; Dennis Doe and Tim Doe while they were members of a boy scout troop at Green Acres Baptist in the 1960s and 1970s; and Robert Doe, John Doe, and Alan McArthur while they were members of a boy scout troop at Beech Haven Baptist in the 1970s. The last alleged abuse by the plaintiffs took place in 1981. Robert Doe additionally alleged that an assistant scoutmaster to Boland, Fleming Weaver, abused him in 1977. The plaintiffs contended that the churches were aware of Boland's and Weaver's abuse, but concealed their actions, failed to protect the minor scouts, and failed to inform the public.

In August 2018, five of the plaintiffs — Alan McArthur and four of the Doe plaintiffs — filed their complaints against several defendants, including the churches. Four of the complaints purported to be a renewal action of a previously filed lawsuit from May 2017. The court consolidated the cases into a single action. In June 2019,

---

[1] See *Hobbs v. Great Expressions Dental Centers of Ga.*, 337 Ga. App. 248 (786 SE2d 897) (2016).

Robert Doe filed a complaint asserting a substantially similar factual basis as the consolidated action, but with the addition of Weaver as a defendant.

With respect to the churches, the plaintiffs asserted claims of, among other things: public nuisance, violations of Georgia's Racketeer Influenced and Corrupt Organizations ("RICO") Act[2], fraudulent misrepresentation, fraudulent concealment, and respondeat superior/vicarious liability. In two orders, the trial court dismissed the plaintiffs' claims against the churches, finding, among other things, that their claims were time-barred. This appeal by the plaintiffs followed.

> A motion to dismiss may be granted only where a complaint shows with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proven in support of his or her claim. We review the trial court's ruling on a motion to dismiss under the de novo standard of review. The dismissal of a complaint will be affirmed if right for any reason.[3]

With these guiding principles in mind, we now turn to the plaintiffs' claims of error.

---

[2] OCGA § 16-14-1 et seq.

[3] *Walker County v. Tri-State Crematory*, 292 Ga. App. 411, 411-412 (664 SE2d 788) (2008) (citations and punctuation omitted).

3

1. The plaintiffs argue that the time limit for filing a claim for damages from childhood sexual abuse as set forth in OCGA § 9-3-33.1 (a) (2) is not a statute of repose, and therefore is subject to tolling provisions, such as fraud-related tolling.

Under OCGA § 9-3-33.1 (a) (2), "[n]otwithstanding Code Section 9-3-33 [setting forth the general statute of limitation for injury claims] . . . any civil action for recovery of damages suffered as a result of childhood sexual abuse committed before July 1, 2015, shall be commenced on or before the date the plaintiff attains the age of 23 years."

"A statute of repose stands as an unyielding barrier to a plaintiff's right of action. The statute of repose is absolute; the bar of the statute of limitation is contingent. The statute of repose destroys the previously existing rights so that, on the expiration of the statutory period, the cause of action no longer exists."[4] "Statutes of repose apply regardless of when the injury occurs or, indeed, whether a cause of action has accrued at all prior to the expiration of the period."[5] "Unlike statutes of limitation, statutes of repose may not be tolled for any reason, as tolling would

---

[4] *Simmons v. Sonyika*, 279 Ga. 378, 379 (614 SE2d 27) (2005) (citation and punctuation omitted).

[5] *Colormatch Exteriors v. Hickey*, 275 Ga. 249, 252 (2) (569 SE2d 495) (2002) (citation and punctuation omitted).

deprive the defendant of the certainty of the repose deadline and thereby defeat the purpose of a statute of repose."[6]

Here, we agree with the trial court that OCGA § 9-3-33.1 provides a statute of repose such that it cannot be tolled. The deadline for filing an action — a plaintiff's twenty-third birthday — bears no relation to when the cause of action accrued.[7] Thus, because the plaintiffs did not file their lawsuits before their twenty-third birthdays, their claims for damages from "childhood sexual abuse"[8] were time-barred. Additionally, as explained in Division 2 below, even if the plaintiffs' claims could be tolled, their actions would still be untimely.

We have held that OCGA § 9-3-33.1 did not apply to claims such as the defendants' failure to protect the plaintiff as a minor and the defendants' conduct in covering up the alleged abuse because those claims were not premised on "childhood sexual abuse," as defined in the statute.[9] Accordingly, we next consider whether the

---

[6] *Simmons*, 279 Ga. at 379 (citation and punctuation omitted).

[7] See *Colormatch*, 275 Ga. at 252 (2); cf. OCGA § 9-3-33 (setting the statute of limitation from when the "right of action accrues").

[8] See OCGA § 9-3-33.1 (a) (1) (defining term).

[9] *Doe v. Saint Joseph's Catholic Church*, 357 Ga. App. 710, 712 (850 SE2d 267) (2020) (cert. granted June 21, 2021).

5

plaintiffs' claims that were not premised on childhood sexual abuse were subject to tolling that overcame the applicable statutes of limitation.

2. The plaintiffs allege that the relevant statutes of limitation were tolled by fraudulent concealment pursuant to OCGA § 9-3-96.[10] The gravamen of their fraud-based tolling claims is that the churches knew about the abuse but concealed that knowledge from the plaintiffs.

Under OCGA § 9-3-96, "[i]f the defendant or those under whom he claims are guilty of a fraud by which the plaintiff has been debarred or deterred from bringing an action, the period of limitation shall run only from the time of the plaintiff's discovery of the fraud."

We have previously rejected fraud-based tolling in a case with similar factual circumstances. In *Doe v. Saint Joseph's Catholic Church*, the plaintiff sued a church for alleged sexual abuse he suffered while he was an alter boy during the 1970s.[11] We

---

[10] The plaintiffs do not dispute that, even tolling the actions until they reached the age of majority, see OCGA § 9-3-90 (b), they require fraud-based tolling in order for their non-RICO claims to be timely. See OCGA § 9-3-33 (two-year statute of limitation for injuries to person); *Willis v. City of Atlanta*, 265 Ga. App. 640, 643 (2) (595 SE2d 339) (2004) (four-year statute of limitation for fraud) (citing OCGA § 9-3-31).

[11] *Saint Joseph's*, 357 Ga. App. at 710.

6

held that, when the priest abused the plaintiff, the plaintiff was aware at that time that the church had breached its duties to the plaintiff by hiring the priest, exposing the plaintiff to the priest, and failing to protect the plaintiff.[12] Thus, "[t]he defendants' alleged conduct in tolerating this abuse and keeping it secret from the public and parishioners did not, as a legal matter, debar [the plaintiffs] from pursuing the tort claims at issue."[13] Although the plaintiffs argue that *Saint Joseph's* is wrongly decided and under review by the Supreme Court of Georgia, the case remains binding precedent.[14]

3. The plaintiffs argue that the trial court erroneously found that their RICO claims were time-barred.

> OCGA § 16-14-8 provides a five-year statute of limitation for a civil action brought for RICO violations. That statute was revised, effective July 1, 2015, to provide that a civil action "shall be commenced up until five years after the conduct in violation of a provision of this chapter terminates." Before that revision, OCGA § 16-14-8 provided that such

---

[12] Id. at 714 (1) (c).

[13] Id. at 714-715 (1) (c).

[14] See Court of Appeals Rule 33.2 (a) (1) (a 2-1 decision issued after August 1, 2020 is binding precedent); *Evergreen Packaging v. Prather*, 318 Ga. App. 440, 445 n. 15 (734 SE2d 209) (2012) ("[W]e are never at liberty to ignore or disregard a binding precedent of this Court.").

a civil action had to be brought within five years after the conduct terminated "or the cause of action accrues."

Regarding the pre-July 1, 2015 version of OCGA § 16-14-8, this Court, in *Blalock v. Anneewakee, Inc.*,[15] determined that "the statute of limitation begins to run when the civil RICO cause of action accrues, which we interpret to mean when the plaintiff discovers, or reasonably should have discovered, that he has been injured and that his injury is part of a pattern." The pattern discovery element has since been questioned, but otherwise *Blalock* stated the proper application of the civil RICO statute of limitation prior to the July 1, 2015 revision.[16]

Like the plaintiff in *Saint Joseph's*, the plaintiffs here knew they were injured by a pattern of misconduct when the sexual abuse began and continued for months and years while the churches did not intervene.[17] Thus, the ongoing nature of the abuse sufficiently established a pattern of misconduct such that the plaintiffs' RICO actions accrued, and the statute of limitations ceased tolling when they reached the age of majority.[18] Additionally, we apply the pre-2015 statute of limitation to the

---

[15] 206 Ga. App. 676, 678 (1) (426 SE2d 165) (1992).

[16] *Saint Joseph's*, 357 Ga. App. at 715 (1) (d) (punctuation and footnote omitted).

[17] See *Saint Joseph's*, 357 Ga. App. at 715 (1) (d).

[18] See id. at 715-716 (1) (d).

RICO claims because the action was already time-barred under the pre-2015 version of the statute.[19] Accordingly, the trial court correctly ruled that the RICO claims were time-barred.

4. The plaintiffs argue that the trial court erred in dismissing their public nuisance claim. A public nuisance claim is not governed by a traditional statute of limitation.[20]

> Under OCGA § 41-1-2, nuisances are either public or private. A public nuisance is one which damages all persons who come within the sphere of its operation, though it may vary in its effects on individuals. A private nuisance is one limited in its injurious effects to one or a few individuals. A public nuisance does not mean that the condition allegedly causing the public nuisance must have actually hurt or injured everyone in the area, but it does mean that it must injure those of the public who actually come in contact with it.[21]

This issue was also addressed by our Court in *Saint Joseph's*. We held that "the alleged molestation itself was not sufficient to constitute a public nuisance, even if

---

[19] See *Glock, Inc. v. Harper*, 340 Ga. App. 65, 67 (2) (796 SE2d 304) (2017).

[20] See *Saint Joseph's*, 357 Ga. App. at 716 (2).

[21] *Saint Joseph's*, 357 Ga. App. at 716 (2) (punctuation and footnotes omitted).

9

there were multiple victims over multiple years."[22] That is because "[t]he effect of this conduct, if proven, certainly would demonstrate terrible injury to the victims of the abuse, but it did not harm all persons who came into the sphere of church operations."[23] Nor did the plaintiffs allege that the conduct had "appreciable blighting effect on the surrounding community, such as a gambling establishment or unlicensed liquor store."[24] Accordingly, the trial court did not err in finding that the plaintiffs failed to state a claim for a public nuisance.

5. Given our holdings above that the plaintiffs' non-nuisance claims are time-barred and that they failed to state a claim for a public nuisance, we need not address the plaintiffs' remaining claims of error.

*Judgment affirmed. Doyle, P. J., and Brown, J., concur.*

---

[22] *Saint Joseph's*, 357 Ga. App. at 717 (2).

[23] Id.

[24] Id.